## GEORGE D. WESNER v. ENOCH O'BRIEN.

1. DIVORCE—*Power to Grant.* The power to grant divorces is vested in the district courts, under the constitution of Kansas, subject to regulation by law.

2. JURISDICTION—*Effect of Decree.* When all the requirements of the statute in relation to bringing a suit for divorce have been complied with, and defendant has been duly notified by publication, the district court acquires jurisdiction to grant a divorce, and a decree made where jurisdiction has thus attached establishes conclusively the nullity of the contract of marriage, and also annuls and terminates the *status* of the marriage relation of the parties which arises from the marriage, so as to leave them in precisely the same condition as if no marriage had ever taken place between them.

3. ACTIONS, *Where Brought—Limit of Jurisdiction.* An action for divorce must be brought in the county in which the plaintiff is an actual resident, and the power to hear and determine the proceedings in a divorce case is confined to this jurisdiction. The court can only exercise jurisdiction over the *status* of the parties to the marriage relation and over such property and things as are then in the jurisdiction of the court.

4. Decree, *When Void.* When the court attempts to make a decree affecting title to property not within the jurisdiction of the court, and not having acquired jurisdiction over the person of the owner of the property, such decree is void and will be so held whenever brought into question. It cannot be used as a basis of title to the property decreed, nor cannot be used in evidence to defeat the title of the real owner thereof.

MEMORANDUM.— Error from Miami district court; JOHN T. BURRIS, judge. Action in ejectment by Enoch O'Brien against George D. Wesner. Plaintiff had judgment, and defendant brings the case to this court. Affirmed. The material facts are stated in the opinion herein, filed July 16, 1895.

*Jno. C. Sheridan,* for plaintiff in error.

*N. W. Wells, W. H. Browne,* and *B. F. Simpson,* for defendant in error.

The opinion of the court was delivered by

JOHNSON, P. J. : This is a suit in ejectment for the recovery of a certain tract of land in Miami county, Kansas. Enoch O'Brien, as plaintiff below, on the 19th day of December, 1889, filed his petition in the office of the clerk of the district court, and alleged that he is the owner of the southwest fractional quarter of section 6 in township 18 of range 22, containing 130 acres ; that defendant Wesner unlawfully keeps him out of the possession of the same, that he has been so unlawfully kept out of the possession of said real estate for more than three years, that said defendant has during all of said time received the rents and profits thereof, that the rents were worth $200 per year, and prayed for judgment for the possession of said premises, and for $600 as rents and profits. The defendant, Wesner, for answer to the petition, denied, all and singular, the allegations thereof. On

27—APP.

February 24, 1891, the defendant, Wesner, filed an amended answer to the plaintiff's petition. The first answer is a general denial; second, that prior to June 18, 1875, plaintiff was the owner and seized of the land described in his petition, but on June 18, 1875, at the June term of the district court of Johnson county, Kansas, Annie O'Brien did, by the consideration, judgment and decree of said court in a certain action then duly pending, wherein the said Annie O'Brien was plaintiff and the said Enoch O'Brien was defendant, recover of and from the said Enoch O'Brien all the said described land, which said judgment and decree still remain in that court in full force, unquestioned and unreversed; that a full and true transcript and copy of all the pleadings, file-papers and journal entries of the proceedings of said court therein, duly authenticated under the seal of said court by the clerk thereof, is attached to his amended answer; that on June 19, 1882, the defendant purchased said tract of land from Mathias Roumann, the owner thereof, whose title was derived from and based upon said decree, from the date of which the said Annie O'Brien and her grantees, including the defendant, have continuously ever since possessed, claimed, and held said described land without any claim or demand therefor by the plaintiff until the commencement of this suit; that the plaintiff well knew the intention of the defendant to purchase said land, and resided with his father on adjoining land at the time the defendant did purchase the same, and had resided there for several years next prior to the purchase of said described land by the defendant, and knew of negotiations and efforts to purchase said land which were begun and continued several weeks next prior to said purchase of said land; that since said

purchase, and with the knowledge of the plaintiff and without any warning or objection from the plaintiff, the said defendant, until the commencement of this action, made and continued to make many lasting and valuable improvements and pay all taxes upon said land; that among said improvements the defendant erected a barn, set out an orchard of choice fruit trees, built about two-thirds of a mile of barbed-wire fence, began the erection of another barn, repaired the dwelling, and other improvements thereon, and cleared up and put in tillable condition the cultivated land thereof, all of the value and to his expense of the sum of $1,000. In the third defense, said defendant set up the statute of limitations as a bar to the plaintiff's right to recover. Attached to this amended answer is the petition for divorce and alimony in the case of Annie O'Brien against Enoch O'Brien, and in this petition the land in controversy in this action was described as belonging to Enoch O'Brien, and plaintiff therein asked that on a divorce being granted her she be decreed the land as alimony. The petition is indorsed as filed January 26, 1875, and also on the same day she filed her affidavit for publication; also notice of publication as published in the *Western Progress*, with proof of publication and also a copy of the decree of divorce and alimony. Said decree was entered June 18, 1875, and therein the following appears:

"It is therefore decreed, ordered and adjudged by the court that the marriage relation heretofore existing between the plaintiff, Annie O'Brien, and the defendant, Enoch O'Brien, be and the same is hereby dissolved, and the plaintiff forever to hold, take, and enjoy, as and for alimony, in her own right, in fee simple, free from any interest therein or thereto upon the part of the said defendant, the following-described real estate, situated, lying and being in Miami county,

state of Kansas, to wit, the southwest fractional quarter of section 6 in township 18, range 22; .130 acres.''

To this amended answer the plaintiff filed his reply, containing three separate paragraphs. The first paragraph denies each and every material allegation or averment contained in the amended answer, except such parts as are specifically admitted as true. The second paragraph alleges that he admits that prior to June 18, 1875, plaintiff was the owner and seized of the land described in said petition, etc., is true, but plaintiff denies that, on June 18, 1875, or at any time prior thereto or since that time, Annie O'Brien, or any person, obtained a valid judgment or decree in any court against this plaintiff for said lands described in plaintiff's petition. Plaintiff says that the alleged judgment or decree rendered in Johnson county on June 18, 1875, under which the defendant claims title is absolutely void, and was at the time of the rendition thereof, and that it is and was of no force, validity, or effect whatever. In the third paragraph of the reply to defendant's amended answer plaintiff alleges that at the time of the rendition of the pretended judgment or decree of said district court of Johnson county, and long prior thereto, the plaintiff was insane and of unsound mind, and this plaintiff never had any legal notice of said proceedings or the pendency thereof. To this reply of the plaintiff, the defendant filed a demurrer, setting forth four causes of demurrer thereto, and on February 25, 1891, the demurrer to the reply was overruled, and exceptions taken by the defendant. The first trial of said cause was had February 26, 1891, and on demand of the plaintiff the judgment was set aside and a new trial awarded. The final trial was had March 4, 1891. When plaintiff concluded his evi-

dence and rested his case, the defendant filed a demurrer to the evidence, because the evidence on behalf of the plaintiff does not prove a cause of action in favor of the plaintiff, and shows that plaintiff's cause of action is barred by the statute of limitations. The demurrer was overruled, and defendant excepted.

Defendant presented several questions of fact in writing, and requested the court to require the jury to make findings therein, some of which were refused by the court, and others were submitted. Defendant excepted to the refusal of the court to submit. The defendant submitted three separate instructions in writing to the court, and requested the court to give them to the jury. The court refused to instruct the jury as requested by defendant, and he excepted, and the court then charged the jury in writing. In the second paragraph of the charge the court says: "Under the pleadings, and admission of the parties, and the evidence, it is your duty to find for the plaintiff, and the court so instructs you." The court then further instructed the jury in relation to rents and profits, that the plaintiff is entitled to recover the value of rents and profits from the time defendant took possession of the land in September, 1884, until the present time; but that the defendant is entitled to recover from the plaintiff the value of lasting and valuable improvements upon the land from the time he took possession thereof, in September, 1884, until the service of summons in this action, December 20, 1889; that defendant is also entitled to recover of the plaintiff the amount of taxes which he has paid on the lands from September, 1884, up to the present time, which is shown by the evidence and admitted by the parties to be $132.77, the

amount of taxes being admitted; that the only
matters for the jury to find is the value of rents
and profits, and the value of lasting and valuable im-
provements. The defendant excepted to each one of
the separate instructions at the time, and to each sep-
arately. The jury made special findings of fact, re-
turned a general verdict for the plaintiff, and found
the value of rents and profits to be $690; value of im-
provements to be $568.50, and the amount of taxes
paid to be $132.77. The defendant filed his motion
for a new trial on all of the statutory grounds for a
new trial, which was overruled and excepted to by
defendant. On May 1, 1891, defendant also filed a
motion to strike from the verdict the amount of $230,
for the reason that by the special findings of fact that
amount for the use of the land accrued more than
three years before December 20, 1889, the date of
bringing suit. This motion was sustained. After
the motion for a new trial was overruled, defendant
made application to have the journal entry show de-
fendant's right, in case of final defeat, to the benefit
of the occupying-claimant law, which application was
denied by the court, and thereupon the court rendered
judgment for the plaintiff, Enoch O'Brien, as the
owner of and entitled to the immediate possession of
the land, to wit, the southwest fractional quarter of
section 6, township 18, range 22, containing 130 acres,
from George D. Wesner, upon his first making pay-
ment to said defendant of the sum of $240.27, with
interest thereon at 6 per cent. from March 7, 1891;
which said sum is the amount found to be due to said
defendant for the aggregate value of the improve-
ments made upon the lands before service of sum-
mons herein and taxes thereon paid by him over and
above the aggregate value of the rents and profits of

said land received by him for the said three years before the commencement of this action, and judgment against defendant for costs of suit.

It is contended by the plaintiff in error that the defendant in error was divested of his title to the land in controversy by the judgment and decree of the district court of Johnson county in an action in which his wife obtained a decree of divorce, and the court, in addition to granting a divorce, decreed her the land as alimony. In order to determine whether this is so or not, it becomes necessary to examine the record of the proceedings of the district court of Johnson county, and ascertain whether the court had jurisdiction of the subject-matter and of the parties. If it did, then its judgment and decree made within that jurisdiction are conclusive until they are reversed or set aside by direct proceedings for that purpose; but if it acted without jurisdiction, its judgment and decree are void, and should be treated as of no effect whenever called in question.

Section 18, article 2 of the constitution of Kansas, provides that "all power to grant divorces is vested in the district court, subject to regulation by law." Article 28 of chapter 80, General Statutes of 1868, specifies the causes for which a divorce may be granted, and provides the procedure to be observed to obtain a divorce. The plaintiff in an action for divorce must have been an actual resident in good faith of the state for one year next preceding the filing of the petition, and a resident of the county in which the action is brought at the time the petition is filed. The petition must be verified by the affidavit of the plaintiff, and a summons may issue thereon or publication be made as in other cases. When these requirements are all complied with, the court acquires

jurisdiction to grant a divorce, and a decree, made when these conditious have all been complied with, establishes conclusively the nullity of the contract of marriage. It also annuls and terminates the *status* of the marriage relation of the parties, which arises from the marriage, so as to leave them in precisely the same condition as though no marriage had ever taken place between them. When a divorce is granted, the court may make provisions for the guardianship, custody, support and education of minor children of the marriage, and may modify or change any order in this respect whenever circumstances render such change proper.

In the case of Annie O'Brien *v.* Enoch O'Brien, the only notice to the defendant was by publication in a newspaper. The proceedings were all regular and in accordance with the requirements of the statute to obtain a divorce, and the decree of divorce is valid. But our next inquiry is as to the validity of that part of the decree that attempts to decree to the wife the real estate of her husband situated in Miami county. The statute in force at the time this divorce was granted is article 28, chapter 80, General Statutes of 1868, and the section in relation to alimony is § 646 as amended by § 27 of chapter 87, Laws of 1870, which provides :

" When a divorce shall be granted by reason of the fault . . . . of the husband, the wife shall be . . . . allowed such alimony out of her husband's real and personal property as the court shall think reasonable, having due regard to the property which came to him by marriage and the value of his real and personal estate at the time of said divorce, which alimony may be allowed to her in real or personal property, or both."

While the court is invested with full jurisdiction to

grant a divorce to the wife domiciled in the county where the action is pending, has the court also jurisdiction over the property, real or personal, situated in another county, when the defendant has no other notice of the pendency of the suit than such as is given by publication in a newspaper, and where he makes no appearance to the action? Has the court acquired such jurisdiction over the property of the husband as to make a decree divesting him absolutely of all estate or title to his land situated in another county? The question, therefore, is whether the *ex parte* decree of divorce can be made available, not merely to effect a dissolution of the marriage *status* of the parties, but to defeat the title of the husband to lands not within the jurisdiction of the court. A judicial proceeding to touch the matrimonial relation of a citizen of a state, when the other party to that relation is not also a citizen of the same state, is a proceeding *in rem*. In the case of *Chapman v. Chapman*, 48 Kas. 639, Chief Justice HORTON, delivering the opinion of the court, says :

"The jurisdiction over a divorce cause, properly brought in a court under the statute of this state, where the plaintiff actually resides, gives the court authority to nullify the marriage *status*, although it had obtained no control over the person of the defendant, excepting by publication."

In the case of *Howell v. Manglesdorf*, 33 Kas. 198, Mr. Justice JOHNSTON, delivering the opinion of the court, says :

"It is true that there are cases where service of process is authorized to be made upon persons beyond the limits of the state (Civil Code, § 76), but it will be seen that these are cases in the nature of actions *in rem*, where the jurisdiction depends upon the possession of the property seized, or the control of the

thing which is the subject of the controversy, and not upon the person of the defendant, and the judgment to be rendered in such cases can operate on nothing except the property or thing 'which gives the court jurisdiction.''

Article 5 of chapter 80, General Statutes of 1868, provides what actions are to be brought in the county where the subject of the action is situated : ''*First*, For the recovery of real property or of any estate or interest therein, or for the determination in any form of any such right or interest.'' While the statute re-quires a suit for divorce to be instituted in the county where the party resides, and the jurisdiction to hear and determine a divorce proceeding is confined to this jurisdiction, the court can only exercise jurisdiction over the *status* of the parties to the marriage relation and over such property or things as are then within the jurisdiction of the court. The district court has no extra-territorial jurisdiction over real or personal property beyond the limits of the county in which it sits, except in the case where it is specially granted by law. The court cannot make a decree that will affect lands in some other county of the state, unless the statute authorizes the same ; and where the court has attempted to make a decree that was not within the jurisdiction of the court, it is absolutely void, and can have no force or effect in any court where it is said to be the basis of a cause of action or to defeat an action. The decree of the district court of John-son county, having been rendered without jurisdic-tion, was void, and conferred no title whatever on Annie O'Brien, or her grantee, and the court properly excluded it when offered in evidence as title to the land in controversy.

We have examined the various other exceptions

taken to the ruling of the court in the introduction of and evidence offered and.exceptions to instructions of the court given, and all those refused, and are satisfied that no prejudicial error was committed in the ruling of the court.

We have also examined the several assignments of error made by the counsel for plaintiff in error and find no such errors as are prejudicial to the rights of the plaintiff in error in the trial of the case ; therefore, the judgment of the district court is affirmed, with costs.

All the Judges concurring.