GEORGE D. WESNER v. ENOCH O'BRIEN.
No. 10531.

1. DIVORCE—*Power of District Court—Constructive Service.* The district court has power to award land as alimony in a divorce proceeding based only on constructive notice to the defendant, where the plaintiff alleges sufficient grounds for divorce and alimony in the petition, and asks to have such land appropriated as alimony, and where the publication notice contains a particular description of the land sought to be appropriated and the nature of the relief demanded.

2. ——— *Action, Where—Land as Alimony.* An action for divorce must be brought in the county where the plaintiff resides, and when rightfully brought, and alimony is asked as an incident of the divorce, any lands of the defendant brought within the control of the court by proper averments in the petition and notice may be awarded as alimony, although they may lie in a county of the state other than where the action was brought.

*Error from Court of Appeals, Southern Department.*

THE opinion herein, filed May 9, 1896, contains a sufficient statement of the case.

*Jno. C. Sheridan,* for plaintiff in error.

*N. W. Wells, W. H. Browne,* and *B. F. Simpson,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J. : This was an action brought by Enoch O'Brien to recover from George D. Wesner a tract of land situate in Miami county and the rents and profits of the same for a period of three years. Prior to June 18, 1875, the land was owned by O'Brien, and on that day, in a divorce proceeding brought by his wife, Annie O'Brien, it was decreed to her as alimony. Afterward, Annie O'Brien transferred the land to another, and Wesner derived his title from that source, and about three years before the commencement of

the action he took possession of the same and made substantial improvements thereon. More than 14 years after the divorce proceedings Enoch O'Brien began this proceeding, challenging the effect of the decree and the title of Wesner. On the trial, it appeared that the action for divorce was begun in Johnson county, and, as summons could not be served upon Enoch O'Brien within the state, service was obtained by publication, and in the notice it was expressly stated that she would ask judgment for the custody and control of an infant son, and that the tract of land in question should be decreed to her as alimony. The constructive notice was given in the manner prescribed by law, and the judgment awarding her the land as alimony was based solely upon constructive notice. On the trial of this cause, record evidence of the divorce proceeding and the decree appropriating the lands in question as alimony was excluded by the court, because it appeared that Enoch O'Brien had no other than constructive notice of the proceedings, and because the land was not in the county within which the court was sitting. This ruling presents the controlling question of the case. It is conceded that constructive notice was sufficient to authorize a divorce of the parties, but it is contended that a decree terminating the marriage relation was the full extent of the jurisdiction and power of the court. The determination of the question depends to a great extent upon the statutes of the state, and that the state has full power through its legislature and courts to regulate and control the *status* of its citizens, and to dispose of or control real property to whomsoever it may belong within its limits, will hardly be denied. It is provided that service may be made by publication ''in actions to obtain a di-

vorce, where the defendant resides out of the state,'' and ''in actions brought against a non-resident of the state . . . having in this state property . . . sought to be taken by any of the provisional remedies or to be appropriated in any way.'' It is also authorized where the action relates to real or personal property in this state in which a non-resident defendant has or claims an interest, or where the relief demanded consists wholly or partly in excluding him from any interest therein. (Civil Code, § 72.) These provisions, if valid, afford authority to dissolve the marriage relation upon constructive notice, and also to appropriate the real property of the non-resident defendant. In *Dillon v. Heller*, 39 Kan. 599, it is held that

''Kansas is supreme except so far as its powers and authority are limited by the constitution and laws of the United States. And within the constitution and laws of the United States the courts of Kansas may have all the jurisdiction over all persons and things within the state which the constitution and laws of Kansas may give to them, and the mode of obtaining this jurisdiction may be prescribed wholly, entirely and exclusively by the statutes of Kansas. To obtain jurisdiction of anything within the state of Kansas, the statutes of Kansas may make service by publication as good as any other kind of service.''

The same view has been expressed by the supreme court of the United States, where it is said:

''The state through its tribunals may subject property situated within its limits owned by non-residents to the payment of the demand of its own citizens against them, and the exercise of this jurisdiction in no respect infringes upon the sovereignty of the state where the owners are domiciled. Every state owes protection to its own citizens, and when non-residents deal with them it is a legitimate and just exercise of

authority to hold and appropriate any property owned by such non-residents to satisfy the claims of its citizens.'' (*Pennoyer v. Neff*, 95 U. S. 714.)

In the exercise of this power, lands of non-resident owners are appropriated for the taxes assessed against them upon a publication notice only, mortgage and mechanics' liens are foreclosed against non-resident defendants where there is neither personal service nor appearance, and the property of non-resident defendants lying within the territorial jurisdiction of the court is subjected to the payment of claims and demands in a variety of ways without other service than by publication. (*Dillon v. Heller*, supra.) It was therefore competent for the legislature to provide for the granting of a divorce upon constructive service, and as alimony is an incident of divorce it may be awarded in the same proceeding, if it is within the power of the court. Did the district court of Johnson county exceed its jurisdiction in decreeing the land in question as alimony? It had jurisdiction of the plaintiff, who was a resident of Kansas and of the county in which the action was brought. The child, whose custody she asked, but who died before the decree was rendered, was within the territorial jurisdiction of the court. The land sought to be appropriated as alimony was within the state and the operation of its laws, and subject to the control and disposition of its courts. The wife asked that this particular tract be subjected to the payment of her claim for support, definitely describing it in her petition, and setting out facts entitling her to alimony. That such relief was demanded was expressly stated in the publication notice, wherein the land was particularly described. In this way the land was brought before the court and subjected to its control. It is true, as the

authorities cited by the defendant in error show, that upon such a notice a judgment for money or one which could be enforced against the person of the defendant cannot be rendered. A court has no authority to render a judgment *in personam* without obtaining jurisdiction of the person of the defendant. Here, however, the land was brought within the control of the court in what was substantially a proceeding *in rem*. The complaining wife was here ; the land sought to be subjected as alimony was here ; she had an inchoate interest in the land, which possessed the element of property to such a degree that she could maintain an action during the life of her husband for its protection and for relief from fraudulent alienation by her husband. (*Busenbark v. Busenbark*, 33 Kan. 572.) It was necessary for the support of the wife, who was seeking a divorce, and the law provides that alimony may be awarded in such cases. The land was subject to the laws of the state and was within the reach of the proceedings and process of its courts. In such a case

1. Divorce— power of district court —constructive service.

we think the court has power not only to terminate the marriage relation, but to fix the custody and control of the children of the marriage who are before the court, and to appropriate as alimony any real property of the defendant within its territorial jurisdiction. It is true that there was no formal seizure of the property, but a seizure of land in such a case is little more than a form. The essential matter is that the defendant shall have legal notice of the proposed appropriation, and this is afforded by the publication notice which warns the defendant that one of the purposes of the proceeding is the sequestration of the land. It refers interested parties to the petition, in which the land is definitely described, and wherein it is asked that the land be set

apart as alimony. A formal seizure is no more essential to the jurisdiction of the court in a proceeding of this kind than in an action to quiet title to land based alone on constructive service, and in the latter case it was held that complete jurisdiction was acquired by the court without formal seizure and in the same manner as it was obtained in the divorce proceeding. (*Dillon v. Heller*, supra.) The theory that the limit of the power of the court in a divorce suit where there is no personal service is the dissolution of the marriage does not obtain in this state. In the early case of *Lewis v. Lewis*, 15 Kan. 181, it was held that upon such service a decree barring the defendant of any interest in the plaintiff's property was valid and binding. See, also, *Chapman v. Chapman*, 48 Kan. 636. We cannot sustain the view of the court of appeals that the jurisdiction of the court in such a proceeding does not reach lands in a county other than where the court is sitting. (*Wesner v. O'Brien*, 1 Kan. App. 416.) The jurisdiction depends upon the domicile of the plaintiff, and not upon the location of the land sought to be appropriated as alimony. It must be brought in the county of which the plaintiff is a resident, and cannot be maintained unless the plaintiff has been an actual resident of the state in good faith for one year before the filing of the petition. (Civil Code, § 640.) Alimony is an incident of the divorce proceeding, and, when the action is rightfully brought, any land within the operation of the laws of the state, and which has been brought within the control of the court, may be appropriated as alimony. The ancillary step in a divorce proceeding is not to be treated as an action brought to recover real estate or to determine an interest therein, and is not governed by the provisions of the code directing that such ac-

tions shall be brought in the county wherein the land or some part thereof is situated. The divorce action may be brought where the plaintiff resides, and only one action is necessary, and when it is properly brought there is drawn to the court and within its jurisdiction any lands of the defendant sought to be appropriated as an incident of the divorce, wherever they may be situated within the state. If this were not the rule, how could lands of the defendant situated in different parts of the state be reached by a court granting the divorce upon either personal or constructive service ? Must an action be brought in each county in which any of the land lies ? And if so, must the plaintiff acquire a residence in each before the court can be invested with authority to award the land as alimony ? We think that only a single action is required or authorized, and that any land within the state brought within the control of the court in the manner heretofore stated is subject to its jurisdiction and decree, without regard to county lines or boundaries.

2. Action, where—land as alimony.

For these reasons the court of appeals erred in affirming the judgment of the district court, which will be reversed, with directions to grant a new trial of the cause.

All the Justices concurring.