FRANCIS, et al., Plaintiffs, v ALLEN, et al., Defendants.

Common Pleas Court.  Tuscarawas  County.

No. 27682.  Decided February 6, 1947.*

Amerman, Mills, Mills, Jones and Mansfield, Canton, and Bowers, Stafford and Bowers, New Philadelphia, for plaintiffs.

Fisher, Limbach, Smith and Renner, New Philadelphia, and Pauline Seikel, Dover, for defendants.

*Subsequently heard on its merits, after new service by publication with judgment for plaintiff. Judgment affirmed by Court of Appeals on April 28, 1948.

## OPINION

By LAMNECK, J.

The plaintiffs in this action pray for a judgment of $1450.00 with interest at the rate of 6% from March 1, 1931, against the defendant, Selma Allen, based on a promissory note dated September 23, 1930. They also pray that the defendants be enjoined from selling, transferring, alienating, or encumbering any interests of the defendant, Selma Allen, in certain real estate located within this county in which the defendant, Selma Allen, is alleged to be the owner as a tenant in common with her husband, Eugene Allen, during the pendency of this action, and that the defendant, Selma Allen's interest in said real estate which is specifically described in the petition be ordered sold as upon execution and the proceeds be applied to the payment of said note.

At the time the action was instituted the defendants' residence was given as Dover, Ohio, within this county and a precipe for personal service was duly filed in this court. Following the return of the sheriff on the summons in which he returned the summons without service because the defendants were out of the state, an affidavit for constructive service was filed under §11292 GC, said affidavit reading as follows:

"WILLIAM FRANCIS, being first duly sworn, says that he is one of the plaintiffs in the foregoing action; that the defendants Selma K. Davis, a. k. a. Selma Allen, a. k. a. Selma Torgler, and Eugene Allen, are non-residents of the State of Ohio, residing at Greenville, Illinois; that service of summons cannot be made upon said defendants in this state; that this cause is one of those mentioned in §11292 GC, being an action in which it is sought by a provisional remedy to take or appropriate property of the defendants."

Service by publication was had for six consecutive weeks under a notice the material part as it affects this action reading as follows:

"praying for judgment against the defendant, Selma K. Davis, a. k. a. Selma Allen, a. k. a. Selma Torgler, in the sum of $1450.00 together with interest at the rate of six per cent per annum from the 1st day of March, 1931, and costs, on a certain promissory note, and praying for a restraining order and injunction restraining said defendants from selling, transferring, alienating or encumbering certain real estate situated in the City of Dover, County of Tuscarawas, State of Ohio, and being more fully described in said petition.

"Said defendants are required to answer on or before the 31st day of May, 1946, or judgment will be taken against them."

A temporary injunction was granted by the court as prayed for at the time of the filing of the petition, and a proper bond was given.

The defendants, coming into court solely for the purpose of filing a motion, ask to have service of summons on the defendants quashed for the following reasons to-wit:

"Now come the defendants, Selma Allen, a. k. a. Selma K. Davis, a. k. a. Selma Torgler, and Eugene Allen, without entering their appearance herein, and appearing solely for the purpose of this motion, and disclaiming any intention to enter any appearance herein, and move the court for an order quashing the pretended service of the purported constructive service of summons by publication herein, for the reason that there is no authority in law authorizing constructive service on a non-resident defendant or defendants as was simulated in this purported action, for the following reasons, to-wit:

"1. The gravamen of the petition and the prayer thereof is one seeking a personal judgment against the named defendants who are non-residents of the State of Ohio.

"2. There is no authority in law or by statute authorizing constructive service on non-residents of the state in an action where a personal judgment is sought.

"3. The pretended action is not one that is enumerated in any of the subsections of §11292 GC."

The jurisdiction of a court to hear and determine a cause may be exercised in one of two ways, either as an action in personam or as an action in rem. If personal service is had on a defendant, the proceeding is an action **in personam,** but if personal service cannot be had and the action seeks to subject the property of a nonresident or a person who cannot be served personally to the satisfaction of the claim of the plaintiff, it becomes an action **in rem.**

The Supreme Court of the United States has specifically held in Pennoyer v Neff, 95 U. S. 565, that where the object of an action is to determine the personal rights and obligations of a defendant only, constructive service cannot be had for any purpose. In that case a judgment was obtained against a nonresident on service by publication and thereafter an execution was issued against such nonresident's property. The property was not attached nor in any way brought under the jurisdiction of the court prior to the publication of the service. Its first connection in the case was caused by the levy of an execution. The court held that this was simply an action in personam and that the court in the absence of personal service was without jurisdiction.

Sec. 11292 Paragraph 7 GC, provides that service may be had by publication "In an action in which it is sought by a provisional remedy to take or to appropriate in any way property of the defendant, when the defendant is not a resident of this state or is a foreign corporation or his place of residence can not be ascertained". Under this section and the decision of the Supreme Court in the Neff case, supra, two conditions must exist before a nonresident defendant can be served by publication, viz: (1) The petition must seek by a provisional remedy to take or to appropriate in some authorized way property of the defendant; (2) There must be a seizure or sequestration of the property as a basis for constructive service.

The rule is that where personal service cannot be had on a non-resident defendant, and the action seeks to establish a claim or demand against such defendant, before the court can acquire jurisdiction a seizure of the property of such non-resident defendant is required as a basis for constructive service. This may consist of the levy of an attachment, a garnishment, or of any authorized act which in proper time the court takes charge of the property or asserts its control over it (32 O. Jur. 455, Sec. 66).

Sec. 11819 GC provides in part that "in a civil action for the recovery of money, at or after its commencement, the plaintiff may have an attachment against the property of the defendant upon any one of the grounds herein stated: 1. ———; 2. Is not a resident of the state".

Where property is regularly attached before service by publication in an action against a nonresident defendant, a court has jurisdiction to render a personal judgment against a nonresident defendant for the full amount of the plaintiffs' claim, but such a judgment will only be valid to the extent of the property attached (Stove Co. v Mehling, 21 O. C. C. 60, 68 Oh St 653; Penneyer v Neff, 95 U. S. 565). Attachment is a

"provisional remedy" as contemplated by §11297 **Paragraph 7 GC**. Since an attachment was not issued in, this case prior to the service by publication, the Court must determine:

(1) Whether this action seeks by any other provisional remedy to take or to appropriate in any way the property of the defendant as contemplated by §11292 **Paragraph 7 GC;**

(2) Whether there has been a seizure or sequestration of the property; and

(3) Whether or not there has been a sufficient notice by publication as required by §11293 **to** §11296 **inclusive GC.**

In Boswell v Otis, 9 How. 336, the court held that "it is immaterial whether the proceeding against the property be by an attachment or bill in chancery."

The general rule as stated in 50 C. J., page 506, at Sec. 125, in regard to jurisdiction in rem is that actual seizure and possession of the res by an officer of the court is required but such jurisdiction may be acquired by acts which are of equivalent import and which stand for and represent the dominion of the court over the thing, and in effect, subject it to the control of the court. The seizure or control of the property which will justify service by publication need not be by attachment.

In 42 Amer. Jur., Page 63, Sec. 74, it is stated that "it is now established, however, that the property of a nonresident defendant must be seized before any valid judgment can be rendered. Jurisdiction to investigate the controversy depends on jurisdiction over property and can be acquired only to the extent that the court has acquired jurisdiction of property specially brought under its control; it is not enough to support constructive service in such case that the defendant has property within the jurisdiction of the court which it can reach."

The author under this rule cites **Reed v Reed, 121 Oh St 188,** 167 N. E. 684, 64 A. L. R. (1384) 1334, as follows: "The seizure of the property of a non-resident defendant which is required as the basis of jurisdiction asserted through constructive service may consist of any authorized act by which the court in proper time takes charge of property or assets, or asserts its control over it."

In the Reed case, supra, which was a suit for divorce, the court held that "where a petition asks to have specific land appropriated as alimony and the publication notice contains a particular description of land sought to be appropriated and the nature of the relief demanded, this constitutes a sequestration of the property and gives the court jurisdiction to dispose thereof upon final decree."

The same ruling was made in **Benner v Benner, 63 Oh St 220, 58 N. E. 569**, an alimony case, and in Wenner v O'Brien, 56 Kan. 724, 44 P. 1090, 32 L. R. A. 259, 54 Am. St. Rep. 604. In the latter case the only steps taken to bring the property within the court's control were the commencement of the suit, with specific description of the property and publication of the notice. The court held that formal seizure was not necessary.

Sec. **11991 GC** provides that alimony granted a wife in a dviorce suit for her husband's aggression "may be allowed in real or personal property, or both, or by decreeing to her such sums of money payable either in gross or installments as the court deems equitable." This is also a provisional remedy seeking "to take or to appropriate property" of the defendant as contemplated by §**11292 Paragraph 7 GC.** Thus an alimony obligation in a divorce case may be an obligation in rem and cannot be classified as calling for a mere money judgment.

In the instant case the petition asks to have specific land which is described in the petition sold as on execution to pay the claim of the plaintiffs, and a temporary injunction was granted restraining the defendants from selling, transferring, alienating, or encumbering the interest of the defendants in said property.

The court is of the opinion that the petition is sufficient to be construed that it is a proceeding in which it is sought by a provisional remedy namely by judgment and execution to take or appropriate property of a defendant since the property is specifically described in the petition. However, the allegations in this petition alone might not be sufficient to constitute a sequestration of the property as required by the Neff case, supra.

In **Card Fabrique Company v Stanage, 50 Oh St 417, 34 N. E. 410**, a suit was instituted against John L. Stanage and Emma Stanage who were residents of the state of Missouri. Service was obtained by publication. The prayer of the petition in that case reads as follows:

"Wherefore the plaintiff prays that the court may find and adjudge the amount due to it from said John L. Stanage, and may find the amount of the life interest of said Emma Stanage in said estate of Augustus W. Frank, and may order the same to be sold for the payment of said debt and interest, and the costs of this action, and for other proper relief."

The defendant, Emma F. Stanage, moved to set aside the service because it was not authorized by §**5048 Paragraph 3 GC** of the Revised Statutes then in effect under which service of publication was had.

It will thus be seen that the Stanage case, supra, is somewhat similar to the instant case except that no injunction was issued at the commencement of the action. The court held that since "the plaintiff did not see fit to resort to the provisional remedy of attachment with or without proceedings in garnishment" the service by publication was not proper under Paragraph 3 of Section 5048 of the Revised Statutes, which is substantially the same as present §11292 **Paragraph 7 GC.**

The question then remains as to whether or not the granting of a temporary injunction at the beginning of the action. in this case is sufficient to constitute a sequestration of the property described in the petition.

**Sec. 11875 GC** provides that an injunction may be allowed as a provisional remedy and §11876 GC authorizes the granting of a temporary injunction restraining an act during the litigation which would render a judgment ineffectual. **Sec. 11877 GC** authorizes the granting of a temporary injunction at the beginning of an action.

In Benner v Benner, supra, the court held it is not necessary "in order to bring the property under the control of the court, that it shall be actually taken on attachment or other writ. Any authorized act by which the court takes charge of property, or asserts its control over it, is sufficient within the meaning of the rule, for the purposes of jurisdiction." In that case the court also held that a preliminary injunction granted the plaintiff at the commencement of the action restraining the disposition of the property by the defendant, although not the ultimate relief sought, would be as effectual to apprise the defendant that it was in the custody of the court, as an actual seizure of it on writ.

In 50 C. J., Sec. 125 at page 506, it is stated "that it has been held that an injunction restraining a resident debtor from payments of debts to a nonresident creditor, or restraining a resident holding property for a nonresident from disposing of the property sufficiently brings the debts or property sought to be subjected to the payment of the debts sued for within the control of the court to authorize service of process by publication."

It must therefore be concluded that a valid temporary injunction restraining the selling, transferring or encumbering of property sought to be taken or appropriated in an action against a nonresident constitutes a seizure or sequestration of the property by the court.

The affidavit for constructive service filed in this case as required by §11293 GC, is sufficient to authorize service by publication as a case brought under §11292 **Paragraph 7 GC.**

Sec. 11294 GC, which relates to service when the resi-

dence of the defendant is known, was complied with and a notice was published for six consecutive weeks, and proven by affidavit as required by §11296 GC.

Sec. 11295 GC provides that the notice "must contain a summary statement of the object and prayer of the petition, mention the court wherein it is filed and notify the person or persons thus to be served when they are required to answer."

The prayer of the petition in this case asks for judgment against the defendant, Selma Allen, in the sum of $1450.00 together with interest at the rate of six per cent per annum from the 1st day of March, 1931, and for an injunction, and prays that the premises be ordered sold as upon execution, and the proceeds applied to the payment of the plaintiffs' judgment, and for such other and further relief as may be just and equitable in the premises.

The published notice in this case contains no statement that the petition prays that the real estate be sold as upon execution and the proceeds applied to the payment of the plaintiffs' claim. Neither does it state that a temporary injunction had been allowed. Sec. 11884 GC, provides that an order of injunction granted without notice must be served in the manner as a summons is served, and §11885 GC, provides that an injunction shall bind a party from the time he has notice thereof.

The Court is of the opinion that it is essential that the defendants shall have legal notice of the proposed execution and sale and that this is afforded by the publication of a notice which warns them that one of the purposes of the proceeding is the sequestration of the land. Where the land is not described in the notice, the notice should at least contain a reference to the petition wherein the land is definitely described, and it should contain a statement that it is sought to sell the defendants' land to pay the claim of the plaintiffs.

In the instant case the notice states only that a judgment is asked against the defendant, Selma Allen, and an injunction is prayed for restraining the defendants from selling, transferring, alienating, or encumbering the real estate described in the petition.

It is woefully lacking as to ultimate object and prayer of the petition and that is that it is sought to have the land of the defendant, Selma Allen, sold to pay the plaintiffs' claim. The court is of the opinion that this omission in the notice does not comply with §11295 GC which requires the notice to contain a summary statement of the object and prayer of the petition.

For this defect in the notice, the purported constructive service on the defendants will be quashed as prayed for.