156 So.2d 698 (1963)
Jahaziah Shaw WEBB, III, a/k/a John S. Webb, Appellant,
v.
Lois J. WEBB, Appellee.
No. 63-15.
District Court of Appeal of Florida. Third District.
September 24, 1963.
Rehearing Denied October 22, 1963.
*699 Bolles & Prunty, Miami, for appellant.
James S. Rainwater, Richard M. Gale, Miami, for appellee.
Before CARROLL and HORTON, JJ., and BARNS, PAUL, D., Associate Judge.
BARNS, PAUL, D., Associate Judge.
The appellant was a defendant in the lower court in an action for divorce. He was a non-resident of Florida and was served with process by publication, and did not generally appear in the case. The appellant and appellee held title by the entireties in certain land located within the jurisdiction of the lower court. The court, by its final decree, granted the wife a divorce and awarded to the appellee-wife all of the husband's interest in the land theretofore held by them in the entireties. The husband appealed from the final decree, and assigns as error the award to the wife of his interest in the land. We find error and reverse.
The wife's complaint for divorce against the husband set forth that they owned the land and, in her prayer for relief, prayed for alimony and that the court grant her exclusive and complete title to the land. The published notice, in perfecting process by publication, made no mention of any land and only stated that the complaint against the husband was for divorce. The constructive service of process was pursuant to Ch. 48, Fla. Stat., F.S.A. § 48.08, Fla. Stat., F.S.A., provides that the notice to the defendant shall set forth:
"(2) The nature of the suit or proceeding in short and simple terms (but neglect to do so shall not be construed as jurisdictional);
* * * * * *
"(4) The description of real property, if any, proceeded against."
§ 689.15, Fla. Stat., F.S.A., declaratory of what would be the effect in the absence of such statute, provides, inter alia:
"* * * and in case of estates by entirety, the tenants, upon divorce, shall become tenants in common."
In Reid v. Reid, Fla. 1954, 68 So.2d 821, and in Kilian v. Kilian, Fla. 1957, 97 So.2d 201, it was held that in the divorce action the husband's interest in property owned by him and his wife (as tenants by the entireties) may be awarded to the wife as a lump sum alimony. In Heath v. Heath, 103 Fla. 1071, 138 So. 796, 82 A.L.R. 537, and in Foreman v. Foreman, Fla. 1949, 40 So.2d 560, it was held that, where property was owned as tenants by the entireties, in the divorce action the husband's interest might be awarded the wife to the extent that she *700 established a special equity therein. See also Banfi v. Banfi, Fla.App. 1960, 123 So.2d 52, 54.
In the case at bar, the plaintiff-wife testified that she would like to have the house awarded to her as a lump sum alimony, and the final decree awarded it to her. The final decree made no finding as to her needs or the husband's ability to pay or any obligations of the husband to pay alimony, and neither was any testimony given in this respect.

Jurisdiction on constructive service in suit against non-resident for divorce or alimony to reach his property within the state.
As Mr. Justice Field stated in Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565, "Every state owes protection to its own citizens; and when non-residents deal with them, it is a legitimate just exercise of authority to hold and appropriate any property owned by such non-residents to satisfy the claims of its citizens. It is in virtue of the State's jurisdiction over the property of the non-resident situated within its limits that its tribunals can inquire into the non-resident's obligations to its own citizens, and the inquiry can then be carried only to the extent necessary to control the disposition of the property;", and the decision further held that when the court did not acquire jurisdiction over the person of the defendant-owner that "the jurisdiction of the court to inquire into and determine his obligations at all is only incidental to its jurisdiction over the property", and "that substituted services by publication, or any other authorized form, may be sufficient to inform the parties of the object of the proceedings taken where property is once brought under control of the court by seizure or some equivalent act.". The property must be proceeded against or subjected to the process of the court in limine.
In Pennington v. Fourth National Bank, 243 U.S. 269, 37 S.Ct. 282, 283, 61 L.Ed. 713, it was held that an injunction restraining a bank [joined as a defendant] from paying out any part of a deposit standing in the name of the husband was as effective as a seizure to make the action one quasi in rem, where the complaint sought a divorce and alimony and the non-resident husband was not served within the state and did not appear; and that it was "immaterial that the claim is, at the commencement of the suit, inchoate, to be perfected only by time or the action of the court".
The foregoing Pennington case was a review of the decision reported in 92 Ohio St. 517, 112 N.E. 1085. The Ohio decision was a memorandum decision without an opinion, but cited as authority Benner v. Benner, 63 Ohio St. 220, 58 N.E. 569. As to the divorce action of Pennington v. Pennington (not reported and in which action the injunction in rem was issued) we are not advised whether the notice to the nonresident husband gave notice of the proposed appropriation of his property, as required in Pennoyer v. Neff, supra. However, we assume that the Ohio law required such notice and that its law was complied with, by reason of the following language in Benner v. Benner, supra:
"* * * The judgment rendered was made operative only on the property so brought within the control of the court at the beginning of the suit, and is not, in our opinion, void for want of jurisdiction. In Wesner v. O'Brien, 56 Kan. 724, 44 P. 1090 [32 L.R.A. 289], the court went further, and sustained a judgment, rendered on constructive service, which appropriated land in that state, of a nonresident defendant, for his wife's alimony, though the land was not situated in the county where the suit was brought, and no step was taken to bring the property within the control of the court, otherwise than by the commencement of the suit and publication of the notice. The court said that the `seizure of the land in such a case it little more than a form. The essential matter is that the defendant shall have *701 legal notice of the proposed appropriation, and this is afforded by the publication notice, which warns the defendant that one of the purposes of the proceeding is the sequestration of the land.' * * *" [emphasis added]
Forrester v. Forrester, 155 Ga. 722, 118 S.E. 373, 29 A.L.R. 1363, was an action for permanent alimony and attorney's fees against a non-resident defendant, over whom the court did not obtain personal jurisdiction. The case held that the lower court, by reason of its general jurisdiction in equity, could appropriate a debt owing to the non-resident husband when the debtor was made a defendant in the action and was personally served with process, stating:
"* * * At common law as well as the statute of this state, a husband is bound to maintain and support his wife. Whatever sum may be necessary for that purpose is a demand which, when liquidated by the court by a judgment fixing its amount in such sum as may appear to the court to be just and adequate, is called alimony. Her husband, the debtor, after abandoning her, takes up his residence in the state of Alabama. A citizen of this state, who resides in Worth county, owes the nonresident a debt of $600, besides interest. Is the plaintiff in such a case remediless to enforce her legal demand for support, merely because this demand is for support, otherwise called alimony, instead of being a claim of some other nature? If the plaintiff in the present case, instead of being the wife of her nonresident debtor, were any other person to whom he was indebted, could she not enforce her demand by an attachment based upon nonresidence and perfect service by summons of garnishment upon the debtor of the nonresident? We apprehend that there can be but one answer to this question.
"Aside from the fact that the demand for alimony cannot be enforced by attachment and garnishment, because this is a proceeding in law, is the fact that a demand for alimony is unliquidated and must remain unliquidated until fixed by a decree of the court, and this itself would absolutely preclude the plaintiff in the suit for alimony against a nonresident from proceeding by attachment. At law this plaintiff is remediless; and, in such a case, and whenever and wherever the law by reason of its universality is impotent to succor one who has a right, equity supplies the needful remedy. Whether the use of the term `equitable attachment' be appropriate or not, it is our opinion that equity, by a proceeding in rem and the seizure and appropriation of the res, can condemn all or so much of the res as is necessary for that purpose to the just demands of a citizen of this state, where the res, the property of the nonresident, is located in this state. It is true that our laws have no extraterritorial effect, and it may be true that in a particular case personal service cannot be perfected other than by publication; but the courts here still have jurisdiction of the subject-matter of the suit and of the res, and can apply the one to the other by a judgment in rem, as suggested by Chief Justice Fish in Hood v. Hood, 130 Ga. 610, 61 S.E. 471, 19 L.R.A. (N.S.) 193, 14 Ann.Cas. 359. * * *"
Reed v. Reed, 121 Ohio St. 188, 167 N.E. 684, 64 A.L.R. 1384, was an action for divorce and seeking the appropriation of defendant's interest in land [held by the husband and wife jointly] to satisfy alimony. The husband was a non-resident, over whom the court did not obtain personal jurisdiction. The court held that since the petition and the published notice to the defendant-husband contained a particular description of the land sought to be appropriated, that the proceedings were equal to a sequestration of the land:
"* * * We think the first proposition is decided in favor of the plaintiff by the case of Wesner v. O'Brien, supra, *702 cited and relied upon by this court in the Benner Case. In that controversy, the contention was squarely made that the property in question had not been brought within the control of the court by attachment or any similar proceeding. The court held that, where a petition asks to have specific land appropriated as alimony and the publication notice contains a particular description of the land sought to be appropriated and the nature of the relief demanded, this constitutes a sequestration of the property and gives the court jurisdiction to dispose thereof upon final decree. The court points out that it is not necessary, in order to bring the property under control of the court, that it should be actually taken in attachment or by other writ, and states that any authorized act by which the court takes charge of property or asserts its control over it is sufficient for purposes of jurisdiction." * * *
Geary v. Geary, 272 N.Y. 390, 6 N.E.2d 67, 108 A.L.R. 1293, was an action for separation and alimony against a non-resident husband, over whom the court did not obtain personal jurisdiction. The lower court appointed a receiver for the husband's property. The receiver was ordered to pay for the support of the wife. The opinion states:
"* * * Without service of process within the state or voluntary appearance in court or submission to its jurisdiction, no court of a state acquires jurisdiction of the person of a nonresident defendant or can grant a personal judgment enforceable by execution against his person or property. Though a state has power to provide that the property of a nonresident within the state may be applied to satisfy the obligation of a nonresident, it may do so only where the action is directed against property which the court has taken into its custody or possession and where the defendant who owns the property has actual or constructive notice of the action and has opportunity to defend. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565.
* * * * * *
"In this case, though the defendant was served personally in California under a valid order of the court, and failed to appear or plead in the action, the judgment which could be granted upon default could not include an effective award of alimony payable out of sequestrated property of the defendant which had not previously been seized. `The right to dispose of it rests upon a prior seizure. Only so does the defendant receive notice that he has rights which should be protected. It must, therefore, appear before a judgment is entered purporting to deal with a non-resident's property, that by attachment, by injunction, by sequestration, in some manner, the court has laid hands upon his property within the State.' (Italics are mine.) Matthews v. Matthews (second appeal), 247 N.Y. 32, 34, 159 N.E. 713, 714, per Andrews, J.
* * * * * *
"The jurisdiction of the court over the marital status of the parties did not depend upon the sequestration or seizure of the defendant's property. It had such jurisdiction before. That jurisdiction did not, however, extend further to the disposition of any property which might be thereafter seized. That can rest only upon prior seizure. We are not here concerned with the validity of any orders for alimony pendente lite. The order which we are reviewing applies only to alimony granted by the judgment. Since the judgment was granted after seizure in this case, and since the defendant had notice that his property was seized and would be applied in satisfaction of any award of alimony made against him, and since the defendant had opportunity to contest the right to seizure of *703 his property and to its application upon any judgment that might be entered, and chose to disregard the notice, he should not be heard to complain that his property had been taken without due process of law. The rule, if there be such rule, that seizure must precede assumption of jurisdiction by the court in the action, applies only to assumption of jurisdiction to adjudicate in the action upon rights in the defendant's property. The New York statute in terms permits the making of a sequestration order in a pending action. The Constitution of the State of New York and the Constitution of the United States are not violated by such provision so long as under the New York statute seizure must precede inquiry or adjudication as to the award of alimony, or the application of property of the defendant to payment of such award so that the defendant may have opportunity to be heard upon that inquiry. The defendant has had such opportunity here." [emphasis by the court]
At an early stage in the proceedings, the defendant-husband specially appeared concerning the court's personal jurisdiction over him, and it was ordered that the court had no such jurisdiction. Thereafter, at final hearing, defendant's counsel made inquiry of the plaintiff-wife [while she was on the witness stand] relative to some of his personal effects. She replied that they were at the home-place, and he could have them. Appellee contends this was a general appearance. We find that it was not.
Since the court did not have personal jurisdiction of the defendant and since, after the filing of the complaint, there was nothing done which would, in effect, make it a proceedings in rem or quasi in rem, the court was without jurisdiction to award the husband's interest in the land to the wife.
The decree appealed from is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded, with directions.