MARY ELLEN HOON, APPELLEE, V. ULYSSES G. HOON, APPELLANT.

FILED NOVEMBER 19, 1908. No. 15,302.

1. **Husband and Wife:** SUIT FOR MAINTENANCE BY NONRESIDENT. A wife who is a nonresident of the state, and who is separated from her husband without fault on her part, may maintain in the courts of this state an action in equity against her husband for support and maintenance. The statute requiring a plaintiff in an action for divorce and alimony to be a resident of the state has no application.

2. ————: ————: DECREE. In this, an action by a wife against her husband for support and maintenance, it was not improper for the court to require the payments to be made in monthly instalments, instead of awarding a judgment for a gross sum.

APPEAL from the district court for Lancaster county: EDWARD P. HOLMES, JUDGE. *Affirmed.*

*L. W. Billingsley, R. J. Greene* and *P. F. Greene,* for appellant.

*A. S. Tibbetts* and *W. L. Anderson, contra.*

GOOD, C.

The object of this action, which was brought by Mary Ellen Hoon against her husband, Ulysses G. Hoon, was to compel the latter to contribute toward the support of the plaintiff and the minor children of the parties to this action. A judgment was entered whereby the defendant was required to pay into court for the plaintiff for the support of the children of the parties the sum of $20 a month until the further order of the court. From this judgment defendant has appealed.

For several years prior to April, 1900, the parties to this action and their four minor children lived in Lincoln, Nebraska. On the 29th of April, 1900, the defendant, without just cause, left his family and home, and refused to pay the rent of the house in which they lived, and re-

fused to longer live with his wife and family. The wife and family were left without any means of support. The domestic difficulties of the parties was the subject of a consultation between the plaintiff's father and an attorney, on one side, and the defendant, on the other, in which it was arranged that the plaintiff and her children should go to the home of plaintiff's father in Sioux City, Iowa, and that defendant would contribute $15 a month toward their support. The wife, having no other place to go, accepted the proffered help of her father under the arrangement with her husband to contribute $15 a month for their support. By the aid of her labor and the $15 a month she supported herself and family, and sent the children to school. Since July, 1904, the defendant has contributed nothing toward the support of his family, and the entire support of the wife and children has devolved upon the plaintiff.

The first contention of defendant is that the plaintiff cannot maintain this action, for the reason that she is a non-resident of the state. Defendant's contention is that the action is brought under the provisions of the code relating to divorce and alimony. The divorce statute requires residence in the state upon the part of the plaintiff, but this court has several times held that, where a wife was separated from her husband without her fault, she might maintain a separate action for support and maintenance in a general action in equity, and without reference to the divorce statute. *Earle v. Earle,* 27 Neb. 277; *Eldred v. Eldred,* 62 Neb. 613; *Cochran v. Cochran,* 42 Neb. 612; *Rhoades v. Rhoades,* 78 Neb. 495. In this action no divorce or other relief than the support and maintenance of the plaintiff and her minor children was asked, and the evidence clearly shows that the separation from her husband was without fault on her part, and due solely to the fault and misconduct of the defendant. It is clear that it is a general action in equity, and is not based upon the divorce statute. The provisions of the divorce law re-

47

quiring residence on the part of the plaintiff, therefore, has no application to this action.

Defendant complains because the judgment entered provides for monthly payments, instead of for a payment of a gross sum, and because no time limit is fixed during which the payments shall continue. The evidence discloses that the defendant was receiving a salary of $50 a month, and does not show that he had any property out of which a gross judgment could have been enforced. The court doubtless took into consideration the ability of the defendant to pay, and, instead of placing upon him a burden with which he was unable to comply, required the payment of monthly instalments, so that it was within the power of the defendant to comply with the order of the court. The duty of the defendant to support his wife and children is a continuing one, and we do not think it a valid objection to the judgment that it provides for a monthly payment, rather than for the payment of a gross sum, nor do we think it a valid objection that no time limit is fixed during which the payments shall continue. As the duty is a continuing one, the payments should be continued so long as the plaintiff and her minor children are required to live apart from the husband and father by reason of his misconduct. In *McGechie v. McGechie,* 43 Neb. 523, this court disapproved the awarding of alimony to a wife in instalments during her life. The principal ground for disapproval in that case, however, rested upon the fact that a gross sum of $500 was allowed out of the husband's estate, which did not exceed $1,000, and that the amount of the monthly allowance in addition was excessive. In that case, however, a divorce was granted and the parties were separated. The instant case is not for divorce, but one for separate maintenance. In the case of *Price v. Price,* 75 Neb. 552, which was an action similar to the present one, this court ordered a judgment entered for support and maintenance which required the amount to be paid in quarterly instalments until defendant had provided a home for plaintiff. We think a clear distinction exists between

an action for divorce and alimony and one by a wife for separate support and maintenance. Where a divorce is awarded, the marital relation is dissolved. Other matrimonial alliances may be formed by the parties, and good reasons exist against requiring the payment of alimony in instalments for an indefinite time, but such reasons do not exist in an action by a wife for separate maintenance. The marital relation still exists. The husband is not relieved of his duty to support his wife and minor children; and a judgment for support and maintenance which requires monthly payments, instead of a gross sum, particularly where the defendant has little property, but does have a definite earning capacity and income, is founded upon sound reason as well as equity and justice.

Defendant contends that the judgment is not supported by the pleadings, and that the judgment is not in favor of the wife, but is in favor of the children, who are not parties to the action. The language of the judgment might be construed to indicate that plaintiff was allowed a recovery for the benefit of the minor children only. The object of the action was to compel the defendant to contribute toward the support of the plaintiff and the minor children. The pleadings and the evidence require the entry of a judgment in favor of the plaintiff. The judgment is in favor of the plaintiff, and the words "for the support of the children of the parties," immediately following the word "plaintiff," may be treated as surplusage. They do not add to nor detract from the liability of the defendant, and might be entirely omitted without affecting the rights of either of the parties to this action. The objection is without merit.

There is no apparent error in the record. The judgment of the district court is right, and we recommend that it be affirmed.

DUFFIE and EPPERSON, CC., concur.


By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.