FLORA BELLE CRAIG, APPELLANT, v. JOHN D. SHEA, APPELLEE.

FILED JUNE 15, 1918. No. 20038.

1. **Bastards: SUPPORT.** Construing the provisions of sections 5795 and 8614, Rev. St. 1913, together, it is *held* that the common-law rule has been abrogated, and that the illegitimate child of a married woman, living separate and apart from her husband, is entitled to support from the actual father.

2. ———: ———. There being no provision in the statute allowing bastardy proceedings to be brought by a married woman, and no other remedy being afforded except criminal prosecution, an illegitimate minor child may, by her next friend, maintain a suit in equity against her putative father to declare her status and recover support and maintenance.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Reversed.*

*C. J. Campbell* and *R. J. Greene,* for appellant.

*John J. Ledwith, contra.*

LETTON, J.

This is a suit in equity for support and maintenance. The defendant filed a general demurrer to the petition, which was sustained and the cause dismissed. Plaintiff appeals.

The petition, in substance, sets forth that the action is brought on behalf of a minor, who is three years of age, by her mother and next friend, Belle E. Craig; that Belle E. Craig, though a married woman, has been separated from her husband, and has not had access to him nor had sexual intercourse with him for a long period of time before the birth of plaintiff; that about nine months prior to the birth of plaintiff she was keeping house as a domestic for John D. Shea; that Shea unlawfully had carnal knowledge by force with said Belle E. Craig, and begot this plaintiff; that Shea, since the birth of plaintiff on October 29, 1912, without

good cause abandoned her, and wilfully neglected and re-
fused to maintain and provide for her; that he has at
all times acknowledged that he is her father; that he
is amply able to maintain and educate her; that both she
and her mother are destitute, that her mother's husband
is living and is the apparent father of plaintiff, al-
though not such in fact; that both Mr. Craig and Mr.
Shea are advanced in years, and that it is necessary that
the evidence of her paternity be perpetuated. The
prayer is that her status be established as the child of
John D. Shea; that she be declared a ward of the court,
and defendant be required to provide for her main-
tenance and support; that she recover from Shea $20,-
000 for her maintenance and education, or such sums as
to the court may seem right and proper; that the testi-
mony of the persons referred to be taken and perpetu-
ated, and for other equitable relief.

Plaintiff concedes that she is presumed to be the
legitimate child of Mr. Craig, but contends that this is
a rebuttable presumption, and that the facts set forth
in the petition and admitted by the demurrer con-
clusively establish that she is the illegitimate child of
defendant. Her position further is that, since section
5795, Rev. St. 1913, provides in substance that every
poor person who shall be unable to earn a livelihood on
account of any bodily infirmity, idiocy, lunacy or other
unavoidable cause "shall be supported by the father,
grandfather, mother," etc., and "such poor person en-
titled to support from any such relative may bring an
action against such relative for support in his or her
own name and behalf," and since section 8614, Rev. St.
1913, provides: "Whoever, without good cause, aban-
dons his wife, and wilfully neglects or refuses to main-
tain or provide for her, or whoever abandons his  or  her
legitimate or illegitimate child or children under the
age of 16 years and wilfully neglects or refuses to
provide for such child or children, shall, upon conviction,
be deemed guilty of a desertion and be punished by
imprisonment in the penitentiary for not more than one

year, or by imprisonment in the county jail for not more than six months"—these statutory provisions set aside the common law, and create a new duty and liability not theretofore existing. She also concedes that such an action would not lie at common law.

Defendant insists that the statute is a criminal one and does not furnish a basis for a civil action, and argues that, even in a criminal proceeding under it, plaintiff would be required to show, before a conviction could be had, that the paternity of the child had been established in a bastardy proceeding.

The presumption of legitimacy arising from the birth of a child during marriage may be rebutted. *Gaffery v. Austin*, 8 Vt. 70; 5 Cyc. 626, 627; Rev. St. 1913, sec. 1591.

The bastardy statute, since amended in 1875 (section 357, Rev. St. 1913), by its terms applies only to women who were unmarried when pregnancy began. The mother of plaintiff could not avail herself of its provisions to recover support for her child. *Parker v. Nothomb,* 65 Neb. 315. We are of opinion that the provisions of the statutes mentioned indicate that it was the intention of the legislature that the burden of support of an illegitimate child of a married woman should, as in the case of an illegitimate child of an unmarried woman, be cast upon the man responsible for its existence. The statute does not in express terms allow an action for the support of an illegitimate child, but it would seem that the legislature intended to remove the restrictions imposed by the common law, to impose a duty not theretofore existing, and to make that duty enforceable both by criminal and civil process. For a violation of the duty to support the plaintiff she is entitled to redress. 1 R. C. L. p. 321, sec. 7. If plaintiff is the illegitimate child of defendant, she is as much entitled to be supported by him as if her mother had been an unmarried woman, and, there being no remedy provided by statute, recourse may be had to a civil action to enforce

the duty of maintenance. *Trier v. Singmaster,* 167 N. W.
(Ia.) 538, a recent Iowa case, was an action by an
illegitimate child to establish her status, and her right to
inherit was sustained even though no bastardy pro-
ceedings had been brought, and with good reason, for
if support is voluntarily furnished by the father there
is no need for such proceedings.

An action in equity for support and maintenance of a
wife is maintainable in this state (*Hoon v. Hoon,* 82 Neb.
688), and by analogy such an action should lie under the
facts alleged in this case. *Paxton v. Paxton,* 150 Cal.
667.

The judgment of the district court is reversed and the
cause remanded for further proceedings.

                                              REVERSED.

HAMER and CORNISH, JJ., not sitting.