NELLIE A. BLACKINTON *vs.* WILLIAM S. BLACKINTON.

Bristol. Jan. 19. — April 1, 1886. DEVENS & GARDNER, JJ., absent.

A man and a woman, citizens of this Commonwealth, were married here. Subsequently the husband left his wife, without cause, and went to another State, of which he became a citizen. The wife, who continued to reside here, filed in the Probate Court, under the Pub. Sts. *c.* 147, § 33, a petition for separate maintenance, notice of which was served upon her husband in the State where he resided. No attachment of his property was made on the petition. *Held*, that the court had jurisdiction of the petition, and could make an order which could be enforced against the husband's property within this Commonwealth, or against his person if found herein.

PETITION to the Probate Court, under the Pub. Sts. *c.* 147, § 33, alleging that the petitioner was the wife of William S. Blackinton of Attleborough, but commorant in the city of New York, in the State of New York; that her husband failed, without just cause, to furnish suitable support for her, and had deserted her; that the petitioner, for justifiable cause, was actually living apart from her said husband; and that there had been born to them one child, Effie M. Blackinton; and praying that the court would prohibit the husband from imposing any restraint on her personal liberty, for such time as the court should direct or until the further order of the court, and would make an order for the support of herself, and the care, custody, and maintenance of her minor child.

On this petition, the court ordered that the petitioner give notice to William S. Blackinton to appear at a Probate Court to be holden at New Bedford, in the county of Bristol, on the first Friday of August, 1884, at ten o'clock in the forenoon, by delivering to him an attested copy of the petition and this order thereon, fourteen days at least before said court.

The return stated that the notice was served as therein required.

The respondent appeared specially by attorney, and filed a plea, averring that, at the time of the commencement of the proceedings in the case, he was, and for a long time prior thereto had been, a citizen and resident of the city, county, and State of New York; that he had not at either of said times any residence, or last and usual place of abode, in this Commonwealth, nor any agent or attorney authorized to receive or accept service of any legal process upon him; that in the present case no service was made upon him in this Commonwealth, but the service which was made was made upon him in the city of New York; and that no attachment of any property was made in this case; and praying that the petition and all proceedings thereunder be dismissed for want of jurisdiction.

The judge of probate ordered that the petitioner have the custody of her minor child, and that the respondent pay into court the sum of $40, on account of the costs and expenses of maintaining her suit, and that he pay to the petitioner for and on account of the maintenance of herself and said minor child

the sum of $65 for each and every month from and after August 1, 1884, such payments to be made monthly till the further order of the court.

From this decree the respondent appealed to this court, assigning the following reasons of appeal:

"The Probate Court had no jurisdiction of the cause, nor of the respondent, and the decree for that reason was and is wholly invalid, null, and void. At the time of the commencement of these proceedings against him, he was, and for many years had been, and ever since has been, and now is, a resident and citizen of the city and State of New York. He had no last or usual place of abode in this Commonwealth, nor any agent or attorney on whom legal service could be made; and no attachment of any property was made in this case. In fact, the notice in these proceedings was made on him at his office in New York city, and not otherwise. He employed counsel to appear especially for him in said Probate Court, and object to the jurisdiction of said court for the reasons herein stated, and he did so; and he now protests against the jurisdiction of said court and the court appealed to for said recited reasons; and asks that said petition may be dismissed."

Hearing before *Field*, J., who found the following facts:

It was conceded that the respondent married the petitioner in Massachusetts, on October 7, 1868; that both were at the time citizens of Massachusetts, and thereafter they lived in Attleborough, in said State, until December, 1877, when he left her, without cause, and has since resided in New York city, and is an inhabitant and citizen of said State; that there has been born of said marriage one child, who is now eleven years of age; that said petitioner has always resided in said Attleborough since her marriage with the respondent, and now resides there, in a house which he purchased, and the title of which he procured to be conveyed to her, and in which they both lived together until he went to New York; that the defendant is a member of a firm carrying on a manufacturing business in said Attleborough, but whose principal place of business is in New York, and is the general agent of the firm in said New York city. Notice of the petition was served on the respondent in the city of New York. The appellant did not desire to be heard upon the reasonableness

of the amount decreed by the Probate Court, if that court had jurisdiction over him to make the decree.

Upon these facts, the judge ordered the decree of the Probate Court to be affirmed; and the respondent appealed to the full court.

*N. B. Bryant*, for the respondent.

*G. W. McConnell*, for the petitioner.

HOLMES, J.   If the petitioner were proceeding for a divorce, there is no doubt that the court would possess and exercise jurisdiction, notwithstanding the husband's change of domicil. Pub. Sts. *c.* 146, §§ 1, 5. *Harteau* v. *Harteau*, 14 Pick. 181, 185. *Brett* v. *Brett*, 5 Met. 233, 235. *Shaw* v. *Shaw*, 98 Mass. 158. *Cheever* v. *Wilson*, 9 Wall. 108, 124.   See *Niboyet* v. *Niboyet*, 4 P. D. 1.   The present proceeding contemplates a continuance of the marriage status, instead of its dissolution.   But the ground on which it proceeds is a breach of the duties incident to that status, — in this case desertion, that is, a separation of home and interests, — without the petitioner's fault; and the same considerations which are stated in *Harteau* v. *Harteau*, *ubi supra*, for declining to treat the domicil of the wife as following that of the husband when she seeks a divorce, equally apply when she seeks protection and separate maintenance under the Pub. Sts. *c.* 147, § 33.   The statute is general in its terms, and we know of no principle which would warrant our confining its operation to cases where the deserting husband retains his domicil within the State.

Assuming that the Probate Court has jurisdiction of the subject matter in such a case, we are of opinion that its right to proceed is not confined to cases where personal service can be made upon the respondent within the State.   The jurisdiction in divorce is not confined to such cases.   *Burlen* v. *Shannon*, 115 Mass. 438.   And whatever may be thought of decisions like *People* v. *Baker*, 76 N. Y. 78, and *Doughty* v. *Doughty*, 1 Stew. (N. J.) Eq. 581, we do not understand any one to deny that divorces granted against absent defendants, after such notice as the laws of the State prescribe, are valid within the limits of the State granting them.

In like manner, so far as the petitioner seeks a decree protecting her person, and giving her the custody of her child now

living in this Commonwealth, we have no doubt that the statute confers power upon the Probate Court to make it. The question whether it also confers power to order the payment of money for maintenance is more difficult, but, in the opinion of a majority of the court, must be answered in the same way. It has been intimated that authority to decree a divorce against a defendant domiciled elsewhere, and not appearing, does not carry with it authority to decree alimony. *Beard* v. *Beard*, 21 Ind. 321. But the statute under which the petitioner proceeds recognizes no such distinction. It does not contemplate a jurisdiction for one of its purposes and a want of jurisdiction for another, and we see no reason why it should be limited beyond its words.

The whole proceeding is for the regulation of a status. The incidents of that status are various, — some concerning the person, some concerning the support, of the petitioner or her child. The order to pay money is not founded on an isolated obligation, as in a case of contract or tort, but upon a duty which is one of those incidents. The status, considered as a whole, is subject to regulation here, although it involves relations with another not here, because such regulation is necessary rightly to order the daily life, and to secure the comfort and support, of the party rightfully living within the jurisdiction. It is quite true that these considerations may not suffice to give the decree extra-territorial force, and that, in general, courts do not willingly pass decrees, unless they think that other courts at least ought to respect them. But that is not the final test. We think that the statute was intended to authorize such decrees as that appealed from, and tacitly to adopt the rules as to service expressly laid down for divorce. Pub. Sts. *c.* 146, § 9. We do not see any sufficient ground for denying the power of the legislature to pass the act. We are therefore of opinion that the decree was within the power of the court, and can be carried out against the defendant's property within the jurisdiction, and against his person if he be found here.                     *Decree affirmed.*