### JENNIE OSGOOD *vs.* EDWIN B. OSGOOD.

Essex.    November 3, 1890. — January 9, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Separate Maintenance — Probate Court — Publication of Notice.*

The Pub. Sts. c. 147, § 33, giving the Probate Court jurisdiction of a wife's petition for separate maintenance, impliedly authorize that court to order the respondent to appear by publication of notice, and to determine the length of time which shall elapse between the last publication and the return day.

PETITION, under the Pub. Sts. c. 147, § 33, by a wife to the Probate Court for protection and separate maintenance. The respondent appealed from a decree of that court in favor of the petitioner to the Superior Court. *Dewey,* J. affirmed the

decree, and the respondent alleged exceptions, which appear in the opinion.

*N. P. Frye*, for the respondent.

*C. U. Bell*, for the petitioner.

HOLMES, J. This is a petition under the Pub. Sts. c. 147, § 33, giving to the Probate Court jurisdiction of proceedings by a wife against her husband for protection and separate maintenance in certain cases. The Probate Court ordered notice by publication once a week for three successive weeks, the last publication to be two days at least before the court at which the respondent was summoned to appear. The respondent had no domicil within the Commonwealth, and appeared specially in the Probate Court, and objected that the notice was insufficient. The Probate Court made a decree in favor of the petitioner. The respondent then appealed to the Superior Court. St. 1887, c. 332, § 3. The Superior Court ordered the decree of the Probate Court to be affirmed, subject to the single question raised by the respondent's exceptions, whether sufficient notice was given to enable the Probate Court to take jurisdiction.

In *Blackinton* v. *Blackinton*, 141 Mass. 432, 436, it was said that § 33 was intended tacitly to adopt the rules of service expressly laid down for divorce. The counsel for the respondent seems to understand this statement as meaning that the statute tacitly adopted for the Probate Court such rules as might be established by the court having jurisdiction of divorce for its own government in cases of divorce. But that was not our meaning. The meaning was that § 33 adopted the rules laid down elsewhere by the statute, as was shown by the reference to the Pub. Sts. c. 146, § 9. In other words, the Pub. Sts. c. 147, § 33, impliedly authorize the Probate Court to order the respondent to be summoned to appear and answer, by the publication of the petition, or of the substance thereof, etc., *mutatis mutandis*, as in the Pub. Sts. c. 146, § 9. The length of time between the last publication and the return day is a matter left to the discretion of the probate judge, so far as not governed by the rules of the court.

It is true that originally the jurisdiction over this class of cases was in the Supreme Judicial Court; and while it was there, no doubt, that court was likely to follow the same general rules

that it followed in divorce causes. St. 1874, c. 205. St. 1878, c. 199. But when the jurisdiction was transferred to the Probate Court, (St. 1880, c. 64,) that court acquired the same power of directing what the publication should be that the Superior Court acquired when the jurisdiction in divorce was transferred to it. St. 1887, c. 332.

No injustice has been done in this case, as the respondent was informed of the proceeding. A power of revision also is given, the extent of which we need not consider. But we may add, by way of caution, that we do not understand that the form of order sanctioned by this court before the statute of 1874, and referred to in *Baker* v. *Blood*, 128 Mass. 543, 545, prevents the Probate Court from requiring the last publication under § 33 to be more than " two days at least " before the return day, or from requiring in addition a copy of the libel to be sent, etc., as prescribed in the rules of the Superior Court.

The notice having been such as to satisfy the requirements of the statutes, the jurisdiction of the Probate Court is established by *Blackinton* v. *Blackinton, ubi supra.*

*Exceptions overruled.*