ALICE M. RHOADES, APPELLEE, V. GEORGE M. RHOADES, APPELLANT.

FILED MARCH 7, 1907. No. 14,563.

1. **Husband and Wife:** MAINTENANCE. A court of equity will entertain an action brought for alimony, and will grant the same, although no divorce or other relief is sought, where the wife is separated from the husband without her fault.

2. **Courts:** JURISDICTION. The district courts of this state are courts of general equity jurisdiction, and are not limited in the exercise of such jurisdiction by statute.

3. **Husband and Wife:** MAINTENANCE: PROCESS. Service by publication is authorized by section 77 of the code in an action by a wife for alimony and support of her child against the husband, who deserted his family and became a nonresident of the state, where the only relief sought is the appropriation of the real estate of the husband, situated in the county where the action is brought, to th? payment of the amount that should be allowed for such alimony and support. Such an action is substantially ore *in rem*, and the court has jurisdiction upon the completion of the service by publication to decree the relief sought.

4. ——: ——: JURISDICTION. Jurisdiction to subject property in such an action, within the territorial jurisdiction of the court, to its judgment may be acquired by the service of process by publication and the placing of the property in the hands of a receiver.

5. ——: ——: ——. In such an action, residence of the wife in the county where the property of the husband is situated is not required.

APPEAL from the district court for Hall county: JAMES N. PAUL, JUDGE. *Affirmed.*

*John C. Stevens,* for appellant.

*N. P. McDonald, contra.*

EPPERSON, C.

The question presented by this appeal is one of some importance, and has not heretofore been passed upon by this court. The facts are substantially as follows: July

1, 1884, the plaintiff, Alice M. Rhoades, and the defendant George M. Rhoades, were married in Adams county, Nebraska, where they then resided. One child, born June 4, 1885, is the issue of their marriage. The parties moved to Hall county, this state, in 1886, and continued to live together as husband and wife until June, 1887, when Mrs. Rhoades left her husband because of his extreme cruelty, and has since justifiably lived apart from him. Shortly after the separation, defendant moved from Nebraska, and at all times since has been a nonresident of the state, and his whereabouts are unknown to plaintiff. Defendant is the owner of an undivided one-half interest in a certain quarter section of land in Hall county. In 1901 plaintiff instituted this action in the district court for that county upon notice by publication, alleging the above facts, and others, which would entitle her to a divorce, and prayed that the court determine a reasonable sum due from defendant for her maintenance and support without divorce, and that the interests of defendant in the Hall county land be subjected to the payment of such sum; that a receiver be appointed to take charge of the interests of the defendant in said premises and collect the rents and profits arising therefrom; and that· plaintiff have such other and further relief as may be just and equitable. Defendant filed a special appearance, and objected to the jurisdiction of the court. His· objections were overruled, and, upon his refusal to plead further, trial was had and a judgment entered for plaintiff. The court found the facts substantially as above stated, and, further, that plaintiff and her child were entitled to maintenance and support out of the rentals of defendant's said property in the sum of $500 a year; that the temporary receiver appointed at the commencement of the action had taken possession of the interests of defendant in said real estate, and the tenant in possession had attorned to said receiver and paid to him the share of defendant in the rents and profits therefrom. It was adjudged and decreed by the court that the undivided interest of defendant in the Hall

county land be impounded and the rents and profits devoted to the maintenance and support of the plaintiff; that N. S. Taylor be appointed receiver to take possession of said property and manage the same and collect the rents and profits arising therefrom, together with the rents and profits which have come into the hands of the temporary receiver from said premises, and that he distribute the same: (1) To the payment of the costs that may be adjudged against the plaintiff in this suit; (2) to the payment of such reasonable fees as the court may determine for his services as such receiver, and one-half of the taxes levied and assessed against said premises, and one-half of the necessary repairs and improvements thereon; (3) that the remainder be paid, as collected, to the plaintiff herein. Defendant appeals.

The sole question for determination is: Did the district court have jurisdiction, upon service by publication, to subject the interests of the nonresident husband in the Hall county land to the maintenance and support of his wife and child?

1. It has been held that a court of equity will entertain an action brought for alimony, and will grant the same, although no divorce or other relief is sought, where the wife is separated from her husband without her fault. *Earle v. Earle*, 27 Neb. 277; *Cochran v. Cochran*, 42 Neb. 612; *Price v. Price*, 75 Neb. 552. And it is clear that the district courts of this state, being courts of general equity jurisdiction, are not limited in the exercise of such jurisdiction by statute. *Cochran v. Cochran, supra*. However, the question presented by this record was not involved in the cases above cited. It is here sought, under the general equity powers of the court, to appropriate property of a nonresident, which is situated within the jurisdiction of the court, to the maintenance of his wife and child.

2. It is urged that service by publication is not authorized by statute in cases of this kind. Section 77 of the code provides that service may be made by publication "in

actions brought against a nonresident of this state, or a foreign corporation, having in this state property or debts owing to them, sought to be taken by any of the provisional remedies. or to be appropriated in any way." It is apparent that the legislature intended the clause, "to be appropriated in any way," to apply to actions similar to the case at bar. It cannot be claimed that the clause is limited to actions where an appropriation of property is sought by provisional remedies. The preceding language includes all cases where property is sought to be thus taken, and hence the expression, "to be appropriated in any way," could serve no useful purpose in the statute if construed to refer only to actions where an appropriation of property is sought to be taken by provisional remedies.

3. Neither can it be successfully contended that there was no "appropriation," or that the property was not brought within the control of the court. "Control of the property by the court before the rendition of the judgment is essential to the jurisdiction to render it; and if rendered without such jurisdiction, it cannot be made valid by the subsequent seizure of property of the defendant. But, we do not understand it is necessary, in order to bring the property under the control of the court, that it shall be actually taken on attachment or other writ. Any authorized act by which the court takes charge of property, or asserts its control over it, is sufficient within the meaning of the rule, for the purpose of jurisdiction." *Benner v. Benner,* 63 Ohio St. 220. In *Murray v. Murray,* 115 Cal. 266, 37 L. R. A. 626, it was said: "According to the common experience of mankind, the owner of property keeps some oversight of it, wherever situated, and will probably be apprised of the seizure thereof, and so warned of the purpose of the seizure. To accomplish this object the taking of property into the possession of a receiver is at least as well adapted as the similar taking by process of attachment, and it is common practice to apply property which has been attached in the course of an action

*in personam* against a nonresident to the satisfaction of the judgment obtained, although no personal service of summons has been effected. Attachment is not the only means by which the court may acquire control of the property of the absentee defendant, so as to impress the action, as to such property, with the jurisdictional characteristics of a proceeding *in rem.*" *Benner v. Benner* and *Murray v. Murray, supra,* are cases similar to the one at bar. See authorities cited in those decisions. A temporary receiver was appointed at the commencement of this action, who took possession of the land in controversy and collected the rents and profits therefrom. We are therefore of opinion that there was a sufficient seizure of the property to bring it within the control of the court when the judgment was rendered.

4. This court has held that service by publication is sufficient in proceedings substantially *in rem.* *Fowler v. Brown,* 51 Neb. 415; *Anheuser-Busch Brewing Ass'n v. Peterson,* 41 Neb. 897. But it is urged that this action is one *in personam,* and the court acquired no jurisdiction by constructive service. It is fairly well settled in this state that an action for alimony, in the strict sense of the term, is a proceeding *in personam,* and personal service must be had, or an appearance made, to authorize a personal judgment against the defendant. *Dillon v. Starin,* 44 Neb. 883, and cases cited. We concede the force of the rule above stated, but it is inapplicable to the facts of this case. Williams, J., answering a similar contention in *Benner v. Benner, supra,* said: "Cases are cited to sustain this contention which hold that, although *ex parte* divorce may be obtained on constructive service, alimony cannot be decreed unless the defendant appear, or has been served with process within the jurisdiction of the court. So far as we have examined them, these do not appear to be cases where the defendant had property within the jurisdiction of the court, which it was sought to reach, and have appropriated to the support of the wife, but those only where a general personal judgment for

alimony was rendered, or sought." No case has been called to our attention holding that an action cannot be maintained, on service by publication, by a wife against her nonresident husband to appropriate property, situated within the county where the action was brought, to the payment of the amount that should be allowed for alimony and support. Such action is substantially one *in rem*, and jurisdiction to subject property within the territorial jurisdiction of the court to its judgment may be acquired by due service of process by publication and the placing of the property in the hands of a receiver.

The supreme court of the United States, speaking through Mr. Justice Field, in *Pennoyer v. Neff*, 95 U. S. 714, said: "So the state, through its tribunals, may subject property situated within its limits owned by nonresidents to the payment of the demand of its own citizens against them; and the exercise of this jurisdiction in no respect infringes upon the sovereignty of the state where the owners are domiciled. Every state owes protection to its own citizens; and, when nonresidents deal with them, it is a legitimate and just exercise of authority to hold and appropriate any property owned by such nonresidents to satisfy the claims of its citizens. It is in virtue of the state's jurisdiction over the property of the nonresidents situated within its limits that its tribunals can inquire into the nonresident's obligations to its own citizens, and the inquiry can then be carried only to the extent necessary to control the disposition of the property. If the nonresident have no property in the state there is nothing upon which the tribunals can adjudicate."

*Benner v. Benner, supra,* is a case in point. The facts in that case are quite similar to those in the case at bar, and the supreme court of Ohio use expressions therein which thoroughly fit the facts of the case in hand: "Service by publication is authorized by section 5048 of the Revised Statutes, in an action by a wife for alimony and support of her child against the husband who deserted his family and became a nonresident of the state, where

the only relief sought is the appropriation of real property of the husband situated in the county where the action is brought to the payment of the amount that should be allowed for such alimony and support. Such an action is substantially one *in rem;* and the court has jurisdiction at its commencement to grant a preliminary injunction preventing the disposition of the property by the defendant pending the suit, and on completion of the service by publication to decree the relief sought." The statute construed contains provisions similar to section 77 of the code, *supra.* In the opinion it was further said: "In suits for divorce, it is conceded, the court acquires jurisdiction by constructive service on a nonresident defendant, to inquire into the residence of the plaintiff, and the existence of the marriage relation, as well as the grounds of divorce, before proceeding to decree; and this is necessarily so, for residence of the plaintiff within the jurisdiction of the court is an essential fact, and the existence of marriage must be established before there can be a judgment for its dissolution. The jurisdiction in such cases is supposed to rest upon the ground that the proceeding relates to and determines the personal status of the parties. But that is equally so in cases like the one before us, and we can discover no sufficient reason why, in such a case, jurisdiction may not be conferred by a like mode of service to inquire into and determine the same facts. The plaintiff, in her action below, did not seek nor obtain, a personal judgment against the defendant. She and her child were residents of the county in which her suit was brought. The specific property which she asked to have subjected to her support was situated in that county, and she sought no other relief than its appropriation, or such part of it as might be necessary, for that purpose, in fulfilment of the defendant's obligation to her in that behalf. The action and judgment were substantially *in rem,* in the sense that their direct object was to reach and dispose of property within the jurisdiction of the court."

Another decision in point is *Murray v. Murray, supra,* wherein it was held: "A receiver may be appointed at the beginning of an action by a deserted wife to set aside a transfer by her husband of his property to defeat her rights to maintenance under the general equity power of the court under the same circumstances that the appointment would be made in a suit by a creditor to set aside a transfer fraudulent as to him. Jurisdiction to subject property within the territorial jurisdiction of the court to its judgment may be acquired by due service of process by publication and the placing of the property in the hands of a receiver." (37 L. R. A. 626.)

*Hanscom v. Hanscom,* 6 Colo. App. 97, 39 Pac. 885, holds to the same doctrine. This language is used in the opinion: "The plaintiff seeks to charge her husband's property with her alimony, and to set aside conveyances made in fraud of her rights. The suit is therefore a proceeding *in rem,* within the meaning of the statute; and the principal defendant being beyond the jurisdiction of the court, so that personal service of its process could not be had, it was proper to cause publication of the summons to be made, and by virtue of such publication the court became invested with jurisdiction to render such judgment against the property as the facts proved might warrant." See, also, *Osgood v. Osgood,* 153 Mass. 38; *Blackinton v. Blackinton,* 141 Mass. 432, 55 Am. Rep. 484.

It must be borne in mind that the object of the proceeding is to enforce a duty which the husband owes to his family, not by seeking a personal judgment to be enforced by execution, but by proceeding against his property after the defendant puts it beyond the power of the plaintiff to procure a personal judgment against him. It is not the judgment for alimony which creates the husband's liability. The judgment is but an adjudication determining the liability which arose by reason of the marital relation. In actions for divorce, jurisdiction upon a nonresident husband may be had by publication to determine the personal status of the parties and the right to

a divorce. This is also required in the case at bar, and no reason exists why jurisdiction might not likewise be had to inquire into the same facts, and, if found favorable to plaintiff, to grant her the relief sought. There is no remedy at law, and, were we to hold that jurisdiction could not be acquired by publication a husband with an abundance of property within the jurisdiction of the court could by absconding avoid his duty to support his family. This duty exists independently of statute, and should be enforced by the courts against his property within its jurisdiction. In *Eldred v. Eldred,* 62 Neb. 615, wherein the wife after divorce sought to subject the husband's property to her support, it was said, in reference to a judgment for alimony obtained by her in an Illinois court: "But the Illinois decree having been rendered upon constructive service and without any appearance on behalf of the defendant, the portion of the decree relating to alimony perhaps is of no validity save as to the property within the jurisdiction of the court pronouncing it." No authority has been cited to the effect that a wife cannot maintain an equitable action, on service by publication, to subject the property interests of a nonresident husband to her support and maintenance. As was said by the supreme court of Ohio in *Benner v. Benner, supra:* "There is a strong tendency on the part of the courts to uphold their jurisdiction in cases of this kind."

5. Defendant's final argument is that, at the time this action was commenced, plaintiff resided in Adams county, and was not a resident of Hall county, where the real estate of her husband is situated, and, hence, *Benner v. Benner, supra* (a case where the wife resided in and brought suit in the county where the property was located), is inapplicable. Were this an action for divorce, defendant's contention would be sound. The action being in equity and seeking to impound the defendant's property, jurisdiction does not depend upon the domicile of the plaintiff, but upon the location of the property within the jurisdiction of the court. We see no reason for holding

that residence of the plaintiff is required in the county where the suit is brought in actions of this nature more than in other actions wherein general equitable relief is sought. No other court had original jurisdiction. Section 51 of the code provides, in part: "All actions for the following causes must be brought in the county in which the subject of the action is situated. * * * First: For the recovery of real property or of an estate or interest therein." Section 59 provides that actions against a non-resident may be brought in any county in which there may be property or debts owing to the defendant. Under the provisions of our statute, *supra*, the only court having jurisdiction of this case was the court wherein the action was instituted, and defendant's contention is devoid of merit.

We are convinced that the district court did not err in overruling the special appearance, and recommend that the judgment be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.