Allen, J.
 

 The trial court held that jurisdiction to render a decree of divorce against a party who has been served by publication according to law does not confer jurisdiction to adjudicate property rights between the parties in the case where real property, belonging to the defendant served by publication, is situated within this state. This judgment was affirmed by the Court of Appeals. We therefore have squar-ely presented .the question of the power of a court of general jurisdiction within this state, upon process being duly served by publication according to law, to grant to a plaintiff in a divorce case alimony out of real property of the defendant situated within the state, and thus physically within the jurisdiction.
 

 Section 11984, General Code, which is in the chapter entitled “Divorce and Alimony,” provides:
 

 “If the defendant is not a resident of this state or his residence is unknown, notice of the pendency of the action must be given by publication as in other cases.”
 

 While Section 11292, General Code, which provides in what cases service shall be given by publication, does not specifically mention divorce and alimony cases, this enactment in Section 11984 places divorce and alimony actions among the list of those
 
 *193
 
 in which service by publication is expressly provided for.
 

 Section 11292 also provides that service by publication may be made in any of the following cases:
 

 “7. In an action in which it is sought by a provisional remedy to take or to appropriate in any way property of the defendant, when the defendant is not a resident of this state or is a foreign corporation or his place of residence cannot be ascertained. * # #
 

 “9.
 
 In an action which relates to or the subject of which is real or personal property in this state, when the defendant has or claims a lien thereon, or an actual or contingent interest therein, or the relief demanded consists wholly or partly in excluding him from any interest therein, and such defendant is not a resident of this state, or is a foreign corporation, or his place of residence can not be ascertained.”
 

 The refusal of the trial court to make the order prayed for herein was evidently predicated upon the theory that a judgment for alimony necessarily is a judgment
 
 in personam,
 
 and that a judgment
 
 in personam
 
 cannot be granted upon service by publication. Conceding that the relief prayed for does require a judgment
 
 in personam,
 
 the trial court was correct in its holding. However, the question as to whether this action stated a prayer for relief
 
 in personam
 
 or
 
 in rem
 
 is the very gist of the controversy, for it has been previously held by this court in the case of
 
 Benner
 
 v.
 
 Benner,
 
 63 Ohio St., 220, 58 N. E., 569, that an action for alimony and support of children, where the only relief sought is the appropriation of real property of the husband, situ
 
 *194
 
 ated in the county where the action is brought, to the payment of the amount that should be allowed for such alimony and support, is substantially one
 
 in rem.
 

 It is difficult to see any essential difference between the facts in the case of
 
 Benner
 
 v.
 
 Benner
 
 and those of the instant action, so far as the question that the action is substantially one
 
 in rem
 
 is concerned, except for the distinction that in the
 
 Benner case
 
 the plaintiff had applied for a preliminary injunction restraining the disposition of his property by the defendant. In that case the husband had deserted the family, left the state, and later upon the death of his father had become the owner of certain real property situated in Columbiana county. The wife commenced an action for alimony in Columbiana county, specifically describing the real property, and prayed for the allowance out of the property of a reasonable amount as alimony and a sufficient sum for the support of the child. The defendant nonresident was served by publication, and the trial court held that after service by publication was completed the court was empowered to enter a decree allowing the plaintiff a certain lump sum and a certain specified monthly payment, to be made a charge upon the real property described in the petition. This court affirmed that judgment. The
 
 Benner case
 
 has been followed by this court in memoranda opinions, namely,
 
 St. Clair Street Realty Co.
 
 v.
 
 Beeman,
 
 81 Ohio St., 509, 91 N. E., 1126, and
 
 Pennington
 
 v.
 
 Fourth National Bank of Cincinnati,
 
 92 Ohio St., 517, 112 N. E., 1085. In the
 
 Beeman case,
 
 Mrs. Beeman filed an action in Cuyahoga county for divorce and alimony, making various
 
 *195
 
 trust companies and other corporations, including the St. Clair Realty Company, parties defendant, and secured an order restraining them from paying or delivering to the husband any money or property. Service was completed by publication. Upon trial on the merits, the plaintiff was awarded all of the stocks belonging to the husband in the defendant corporations, the dividends thereon, and the money due Lester A. Beeman on a deposit account with the Citizens’ Savings
 
 &
 
 Trust Company. The principal issue in the case was whether the court of common pleas had jurisdiction to render the decree in question upon service by publication. This court affirmed the judgment of the courts below.
 

 In the
 
 Pennington case,
 
 the record showed that the wife had applied in the court of common pleas of Hamilton county for divorce, alimony, and custody of children, making the Fourth National Bank a party defendant. Service was secured by publication in accordance with the statute. Upon final decree, the plaintiff in error, Charles Pennington, was divested of all of his interest in a sum of money held by the defendant bank for Charles Pennington, and the bank was ordered to pay such sum to the wife or to her attorney. This was done, and the former husband sued the bank to recover the amount of money deposited by him with the bank, judgment was rendered against him, and that judgment was affirmed by this court.
 

 We think that the
 
 Benner
 
 decision and the
 
 Beeman
 
 and
 
 Pennington cases, supra,
 
 are conclusive of this, question. While the
 
 Benner
 
 and
 
 Pennington
 
 cases allowed alimony out of personal property, the jurisdiction of the court to grant alimony upon service by publication was upheld. Moreover, an examination of the authorities shows that the weight of de
 
 *196
 
 cisions of courts of last resort is to the effect that the court which renders a divorce or alimony decree has the power upon service by publication to apply toward payment of an alimony decree real property situated within such state and belonging to a nonresident defendant.
 
 Rhoades
 
 v.
 
 Rhoades,
 
 78 Neb., 495, 111 N. W., 122, 126 Am. St. Rep., 611;
 
 Murray
 
 v.
 
 Murray,
 
 115 Cal., 266, 47 P., 37;
 
 Wilder
 
 v.
 
 Wilder,
 
 93 Vt., 105, 106 A., 562;
 
 Holmes
 
 v.
 
 Holmes
 
 (D. C.), 283 F., 453;
 
 Forrester
 
 v.
 
 Forrester,
 
 155 Gra., 722, 118 S. E., 373, 29 A. L. R., 1363;
 
 Blackinton
 
 v.
 
 Blackinton,
 
 141 Mass., 432, 5 N. E., 830, 55 Am. Rep., 484;
 
 Hamil
 
 v.
 
 Hamil,
 
 106 Okla., 14, 232 P., 823;
 
 Harshberger
 
 v.
 
 Harshberger,
 
 26 Iowa, 503;
 
 Closson
 
 v.
 
 Closson,
 
 30 Wyo., 1, 215 P., 485, 29 A. L. R., 1371;
 
 Allen
 
 v.
 
 Allen,
 
 126 Ark., 164, 189 S. W., 841;
 
 Hanscom v. Hanscom,
 
 6 Colo. App., 97, 39 P., 885;
 
 Hailey
 
 v.
 
 Hailey,
 
 127 N. C., 474, 37 S. E., 502.
 

 Many of the statutory provisions considered in the cases cited as to service by publication are strikingly similar to those in the state of Ohio. The courts generally comment in the above decisions upon the fact that service by publication is specifically provided for in divorce cases (as is the case also in Ohio), and hold that, as the power to adjust the property rights of the parties is an incident to the power to grant the divorce, the court necessarily has the jurisdiction to dispose of real property within the state.
 

 In the case of
 
 Hamil
 
 v.
 
 Hamil, supra,
 
 the statute provided for service by publication both in divorce and alimony actions, where the defendant was nonresident, and also in an action brought against a nonresident having in that state property sought to be taken by any of the provisional remedies or “to be appropriated in any way.” This court, in de
 
 *197
 
 cidiag the case of
 
 Benner
 
 v.
 
 Benner,
 
 relied upon the phrase “to appropriate in anyway,” included in the similar provision of the Ohio Code, and held that under paragraph 3 of Section 5048, Revised Statutes of 1880 (now paragraph 7 of Section 11292, General Code, quoted above), the alimony action plead in that particular case constituted a proceeding
 
 in rem.
 

 The case of
 
 Wesner
 
 v.
 
 O’Brien,
 
 56 Kan., 724, 44 P., 1090, 32 L. R. A., 289, 54 Am. St. Rep., 604, cites a statutory provision similar to the one in our own state, with regard to service by publication when property is sought to be taken by any of the provisional remedies or to be appropriated in any way. In that state, also, service by publication was authorized where the action relates to real or personal property in the state in which a nonresident defendant has or claims an interest or where the relief demanded consists wholly or partly in excluding him from any interest therein. This provision strongly resembles our statute, paragraph 9 of Section 11292,
 
 supra.
 

 In the case of
 
 Harshberger
 
 v.
 
 Harshberger, supra,
 
 the statute provided that when a divorce is decreed the court may make such order in relation to the children and property of the parties and the maintenance of the wife as shall be right and proper.
 

 In the case of
 
 Closson
 
 v.
 
 Closson, supra,
 
 the statutes cited authorize the court to make such disposition of the property of the parties as shall appear just and equitable, and also to decree to the wife reasonable alimony out of the estate of the husband, and to effectuate the purposes aforesaid it may order so much of his real estate as is necessary to be assigned and set out to the wife for life.
 

 
 *198
 
 There is no essential difference in the relevant statutory provisions of the above cases and the statutes of Ohio, and hence the cases are not distinguishable, either upon the facts or upon the statutes which they construe.
 

 These decisions, if correct, must necessarily be grounded upon the proposition that an application for alimony which prays for the appropriation of specific real property lying within the state in which the action is brought exhibits the main features of an action
 
 in rem.
 

 Among the many decisions which make this holding is
 
 Blackinton
 
 v.
 
 Blackinton, supra.
 
 In that case a man and woman who were citizens of Massachusetts were married and resided in that state. Later the husband abandoned his wife without cause, and went to New York state, where he continued to reside. The wife continued to reside in Massachusetts. A petition was filed in the probate court of Massachusetts praying for an order for support and maintenance under the statute then in force, which authorized such suit for separate maintenance and for service of notice on nonresidents. Notice of the proceeding was served upon defendant in New York, but no attachment of property was made as a basis for the suit. The defendant moved to dismiss for want of jurisdiction, but the court held in favor of the plaintiff. In the opinion the court, speaking through Justice Holmes, said:
 

 “The whole proceeding is for the regulation of a status. The incidents of that status are various— some concerning the person, some concerning the support, of the petitioner or her child. The order to pay money is not founded on an isolated obliga
 
 *199
 
 tion, as in a case of contract or tort, but upon a duty which is one of those incidents. The status, considered as a. whole, is subject to regulation here, although it involves relations with another not here, because such regulation is necessary rightly to order the daily life, and to secure the comfort and support, of the party rightfully living within the jurisdiction. It is quite true that these considerations may not suffice to give the decree extra-territorial force, and that, in general, courts do not willingly pass decrees, unless they think that other courts at least ought to respect them. But that is not the final test. "We think that the statute was intended to authorize such decrees as that appealed from, and tacitly to adopt the rules as to service expressly laid down for divorce. * * * We are therefore of opinion that the decree was within the power of the court, and can be carried out against the defendant’s property within the jurisdiction, and against his person if he be found here.”
 

 The majority of the court regards this action, with its specific description of particular parcels of real estate lying within the state of Ohio, and with its prayer for appropriation of these parcels of real property to the alimony claim of the plaintiff, as being a proceeding for the regulation of the marriage status, and hence as constituting essentially an action
 
 in rem.
 

 The inconsistency of the holding of the trial court in this case is shown by the fact that, while in her petition the plaintiff made no claim that the furniture and household goods in her former home were her own personal property, and even conceded that the defendant might have some property rights
 
 *200
 
 therein, these chattels were decreed by the court to be the property of the plaintiff, although the only service secured with reference thereto was service by publication. The court, however, refused to make an order for alimony which should constitute a charge upon the real estate of defendant lying within the jurisdiction.
 

 We think that the Code contemplates that the alimony obligation may be an obligation
 
 in rem,
 
 and that, when a plaintiff prays for alimony to be decreed out of or made a charge upon specific real property within the jurisdiction, the case cannot be looked upon as calling for a mere money judgment.
 

 Two other questions arise: First, whether the plaintiff herein brought the property within the jurisdiction of the court in her action, so that it can be said to have been sequestrated and held within the control of the court for whatever disposition should be made upon final decree; and, second, whether the Lake county property can be subjected to the payment of alimony awarded in Cuyahoga county. We think the first proposition is decided in favor of the plaintiff by the case of
 
 Wesner
 
 v.
 
 O’Brien, supra,
 
 cited and relied upon by this court in the
 
 Benner case.
 
 In that controversy, the contention was squarely made that the property in question had not been brought within the control of the court by attachment or any similar proceeding. The court held that, where a petition asks to have specific land appropriated as alimony and the publication notice contains a particular description of land sought to be appropriated and the nature of the relief demanded, this constitutes a sequestration of the property and gives the court jurisdiction to
 
 *201
 
 dispose thereof upon final decree. The court points out that it is not necessary, in order to bring the property under control of the court, that it should actually be talcen in attachment or by other writ, and states that any authorized act by which the court takes charge of property or asserts its control there-over is sufficient for purposes of jurisdiction.
 

 From the standpoint of practical remedy it would be futile to require the seizure of land which necessarily cannot be removed from the jurisdiction. This land was precisely described in the petition. Under Section 11984, General Code, unless it be made to appear to the court by affidavits or otherwise that his residence is unknown to the plaintiff and could not with reasonable diligence be ascertained, a summons and copy of the petition forthwith on the filing of it shall be deposited in the post office, directed to the defendant at his place of residence. The affidavit for service by publication herein did not state that the residence was unknown to the plaintiff and could not with reasonable diligence be ascertained, and in fact gave a full and present address for the defendant. Since the court found in its final decree that the defendant had been duly served with process by publication according to law, we must assume that a copy of the petition was mailed to the defendant at the address given. That petition showed that the action in question dealt with this particular property, and prayed for its appropriation under the alimony feature of the case, and hence the defendant had notice that the realty was being held by the court pending final adjudication.
 

 In the
 
 Wesner case, supra,
 
 the only steps taken to bring the property within the court’s control were
 
 *202
 
 the commencement of the suit, with specific description of the property and publication of the notice. The court held that formal seizure was not necessary and that the judgment hence was valid.
 

 Holdings upon the same point are to be found in
 
 Closson
 
 v.
 
 Closson, supra,
 
 in
 
 Hamil
 
 v.
 
 Hamil, supra,
 
 in
 
 Allen
 
 v.
 
 Allen, supra,
 
 and in others of the cases cited, and hence we conclude that the specific description of the property in the instant case brought such property within the jurisdiction of the court.
 

 We proceed, then, finally to consider whether, granting that the court can decree alimony out of the land situated in Cuyahoga county, such decree can also be made a charge upon the land situated in Lake county. This real property is also specifically described in the petition.
 

 We answer this question also in the affirmative. Section 11990 provides that* when a divorce is granted because of the husband’s aggression, the husband shall be barred of all right of dower in the wife’s property. Since the real property in question was owned jointly by the husband and wife, the trial court erred in holding that he did not have jurisdiction to bar the defendant of any and all rights of dower in the wife’s interest in the lands described. Section 11990 then provides that “the court shall
 
 *
 
 * * allow such alimony out of her husband’s property as it deems reasonable, having dué regard to property which came to him by marriage and the value of his real and personal estate at the time of the divorce.”
 

 Section 11991 continues: ‘ ‘ Such alimony may be allowed in real or personal property, or both, or by
 
 *203
 
 decreeing to her such sum of money, payable either in gross or installments, as the court deems equitable.”
 

 These provisions are broad, and so far as they relate to the property of the husband, out of which alimony shall be allowed, they are not limited with respect to situs. The statute does not limit allowance of alimony to be made out of property situated within the county where the wife brings her action. As a matter of fact the plaintiff here was compelled to bring her action in Cuyahoga county. As stated in
 
 Wesner
 
 v.
 
 O’Brien, supra:
 

 “The jurisdiction depends upon the domicile of the plaintiff, and not upon the location of the land sought to be appropriated as alimony. It must be brought in the county of which the plaintiff is a resident, and cannot be maintained, unless the plaintiff has been an actual resident of the state in good faith for one year before the filing of the petition. * * * Alimony is an incident of the divorce proceeding, and, when the action is rightfully brought, any land within the operation of the laws of the state, and which has been brought within the control of the court, may be appropriated as alimony.”
 

 Applying this sound reasoning to the instant case, the divorce action herein under the statutes was required to be brought in Cuyahoga county. The wife could not bring her action in Lake county. The application for alimony was incidental to and a part of the divorce proceeding. If the plaintiff had brought her action in Lake county, obviously she would have lost her case, owing to the mere fact that she was not a resident of that county. Since the action was properly brought, and since there is within the
 
 *204
 
 county and state land of the defendant sought to be appropriated as an incident of the divorce, of which the court rightly has jurisdiction, the court, under the broad provisions of Sections 11990 and 11991, has power to adjudicate the plaintiff’s property rights in the land, wherever it is situated within the state. As the Code authorizes only a single divorce action, whether personal or constructive service be secured, if the service is valid any land within the state brought under the control and jurisdiction of the court is subject to its decree.
 

 Holdings to the same effect are
 
 Hamil
 
 v.
 
 Hamil, supra,
 
 and
 
 Harshberger
 
 v.
 
 Harshberger, supra.
 
 In the
 
 Harshberger case,
 
 the contest was between an attaching creditor of the husband, who had obtained a writ of attachment levied upon lands of the husband situated in Keokuk county, Iowa, and the divorced wife, who had secured a divorce from her husband on service by publication in Mahaska county,- Iowa. The Keokuk county land was particularly described in the petition for divorce, and the judgment for alimony was made a lien upon such land. Subsequent to the writ of attachment being levied upon the Keokuk county land, the wife caused a transcript of the judgment rendered in Mahaska county to be filed in the office of the clerk of the district court of Keokuk county. The trial court ordered that the judgment for alimony be first satisfied from the proceeds of the land in Keokuk county, prior to the claim of the attachment, and this judgment was affirmed. The reviewing court held that, since alimony is an incident to divorce, and the land was specifically described in the petition, the judgment of the court in Mahaska county
 
 *205
 
 rendered prior to the issuance of the writ of attachment levied in Keokuk county made the lien of the attaching creditor subject to the lien of the judgment for alimony.
 

 When a valid decree
 
 in rem
 
 has been entered in Cuyahoga county, it may be made a charge upon real property of the defendant situated within Lake county.
 

 For these reasons, the judgments of the lower courts will be reversed, and the case will be remanded to the court of common pleas for hearing and decision as to the application for alimony made in the petition with reference to the real property of the defendant lying within the state of Ohio.
 

 Judgment reversed and cause remanded.
 

 Marshall, O. J., Kinkade, Jones and Day, JJ., concur.
 

 Matthias, J., concurs in propositions 1 and 2 of the syllabus and in the judgment.