## SHONK v. SHONK.

(No. D 8279—Decided August 19, 1968.)

Common Pleas Court of Lorain County.

*Mr. James P. Horn*, for plantiff.

WEBBER, J. This is an action for divorce, permanent alimony, and the petition further prays that plaintiff be granted the real estate jointly owned by the parties and that plaintiff be saved harmless from any mortgage payments on said real estate.

Plaintiff resides in Lorain County and the defendant's last known residence was in Cuyahoga County.

When the sheriff of Cuyahoga County was unable to personally serve the defendant with summons and a copy of the petition at his place of employment, service of summons was had upon him by publication.

Defendant signed the receipt for certified mail which contained a copy of the petition and the summons.

The publication did not describe or refer to any real estate although the petition states that plaintiff and defendant are owners of a home at 715 Concord Avenue, Elyria, Ohio.

The question raised is whether the court can decree the payment of money, by way of alimony in a divorce action where the defendant has been served by publication.

In her brief, plaintiff relies on the case of *Reed* v. *Reed,* 121 Ohio St. 188. In that case, the petition described two parcels of real estate by metes and bounds; one in Lake County and one parcel in Cuyahoga County.

This court agrees with the ruling of the Supreme Court in the *Reed case, supra,* which in substance states that where the defendant has an interest in real estate which is brought within the jurisdiction of the court which renders a divorce or alimony decree, that court has the power upon service by publication to apply toward the payment of alimony decree real property situated within such state and belonging to the defendant.

A similar statement appears in 18 Ohio Jurisprudence 2d, page 43, Section 113.

"Where an allowance of alimony or an adjustment of property rights is sought in an action for a divorce, in which service of process upon the defendant has been secured by publication only, such service is sufficient to confer jurisdiction upon the court to make an alimony decree chargeable upon any real property of the defendant located within the state, which is specifically described in the petition, or otherwise to adjudicate upon the rights of the parties thereto, where it appears from the record that a copy of the notice and petition has been mailed to the defendant and that such specific description of the property has been given in the published notice, without any formal seizure or the issuance of an injunction."

Further, it has been held that it is not necessary to describe the real estate in the pleadings or published notice.

"It is not essential to such jurisdiction that the pleadings or published notice contain a description of the real estate." *Dexter* v. *Taylor* (App.), 63 Ohio Law Abs. 266,

The court is of the opinion that in the instance where defendant's land is brought within the jurisdiction of the court and plaintiff seeks to subject defendant's land to the payment of her alimony, the court would have the power upon service by publication to apply toward the payment of an alimony decree real property of the defendant situated in this state.

This court is also of the opinion that an award of alimony is a decree in personam and cannot be based upon constructive service.

"There can be no adjudication in personam of the question of alimony when there is no jurisdiction of the person of one of the parties, and a decree for alimony against such party is void." *Woolford* v. *Woolford* (CP), 28 O. O. 127.

"Except where there is property of the defendant before the court, jurisdiction to decree alimony or support depends upon personal jurisdiction over the defendant." 11 Western Reserve Law Review 355.

As stated above, the defendant signed the receipt for the certified mail which contained a copy of the petition and the summons and it appears from these facts that plaintiff is of the opinion that personal service resulted therefrom which gave the court jurisdiction over the person personam of the defendant. This court does not agree with this contention.

The court has no jurisdiction where a nonresident defendant merely acknowledges, in writing on the back of a summons mailed to him without the state, the receipt thereof, together with a copy of the petition thereto attached, such acknowledgment of service being construed as not equivalent to an entry of appearance within the terms of Section 2703.09, Revised Code. *Guthrie* v. *Guthrie*, 46 W. L. B. 285.

"A nonresident husband served only by publication who made no appearance in any way cannot be ordered to pay support of the resident children since the court has no jurisdiction or power under such circumstances to make any award." *Noble* v. *Noble* (CP), 80 Ohio Laws Abs. 581.

The 1968 Cumulative Supplement to Volume 18, Ohio Jurisprudence 2d, page 13, adds a new paragraph to Section 113, Volume 18, Ohio Jurisprudence 2d, found on page 44, which reads as follows:

"Service of summons by publication in a divorce action, not accompanied by any appearance of the defendant for the purpose of contesting the issue raised by the petition, is not sufficient to clothe the court with jurisdiction to decree the payment of money, either by way of support of minor children or by way of alimony."

This statement is supported by the case of *Sutovich* v. *Sutovich,* 120 Ohio App. 473. Decided May 18, 1964, by the Court of Appeals, Hamilton County.

The court's opinion states this was an appeal on questions of law from a decree of the court below granting a divorce to the plaintiff on her petition therefor, and ordering the defendant to pay certain sums for the support and maintenance of three minor children.

The court further stated:

"Service by publication was had on the defendant who was in the military service. This service was sufficient for all purposes for which such service is lawful. Defendant entered an appearance in the case by counsel solely for the purpose of questioning the jurisdiction of the court to enter any order or decree for the payment of money.

"Since the defendant, even though in military service was represented by counsel in the cause, the sole assignment of error with which we are here concerned in whether or not the court has jurisdiction to make an award for support and maintenance where service was had by publication only. This matter was called to the attention of the court below by means of a motion to set aside both the temporary and permanent allowances."

The court further stated:

"The law is rather clear that a service by publication in a divorce matter, not accompanied by any appearance of the defendant for the purpose of contesting the issues raised by the petition, is not sufficient to clothe the court with jurisdiction to decree the payment of money either

by way of support of minor children or by way of alimony. *Noble* v. *Noble*, 80 Ohio Law Abs. 581 and *Reed* v. *Reed*, 121 Ohio St. 188.

"It is accordingly held that the judgment heretofore entered herein in the court below must be modified to eliminate from it the provision 'that the defendant pay support and maintenance for minor children in the amount of thirty-five (35) dollars per week, in addition 1% poundage.' "

In view of the authority of the *Sutovich case* (*supra*), this court is of the opinion that it can make an award of permanent alimony to the wife of the real property of the parties within the jurisdiction of the court. However, where service of process upon defendant has been secured by publication, this service is not sufficient to clothe the court with jurisdiction to decree the payment of money by way of alimony and the fact that defendant affixed his signature to the certified mail which contained a copy of the summons and a copy of the petition, does not in the opinion of this court, change the "service by publication" to "personal service."

Counsel will therefore prepare a decree in accordance with this opinion.